UNITED STATES of America, Appellee,

v.

**John Michael CAMPBELL, Appellant.**

**No. 90–1921.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1991.

Decided June 28, 1991.

Rehearing Denied Aug. 6, 1991.

---

Elizabeth Ann Wright, (argued), Thomas J. Cox, on brief, Kansas City, Mo., for appellant.

Matt J. Whitworth, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and ROSS, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

A jury convicted John Michael Campbell of four counts of providing false financial statements to a federally-insured bank in violation of 18 U.S.C. § 1014 (1988), two counts of bank fraud in violation of 18 U.S.C. § 1344 (1988), two counts of interstate transportation of money acquired by fraud in violation of 18 U.S.C. § 2314 (1988), and one count of interstate wire fraud in violation of 18 U.S.C. § 1343

(1988).[1]  On appeal, Campbell argues that the district court [2] erred in admitting irrelevant and prejudicial evidence, including evidence of other crimes, wrongs, or acts, and that the court's failure to issue a limiting instruction regarding this evidence constituted reversible error.  We affirm the judgment of the district court.

The fraudulent activities of which Campbell was convicted all concerned the operation of his Missouri boat dealership, National Marine Sales & Leasing, Inc.  The government claimed that Campbell defrauded banks, a boat manufacturer, investors, and customers, and drained his dealership of cash in the process.  Campbell was convicted on all nine counts on which he was tried.

We need not recount in detail the evidence in the week-long trial to consider Campbell's arguments.  Campbell claims that the district court erred 55 times in admitting irrelevant and prejudicial testimony.  Campbell acknowledges that his trial attorney objected in only three of the 55 instances;  the remaining 52, he argues, constituted "plain error."  Campbell further argues that the prejudice to him was compounded by the trial judge's failure to give a limiting instruction, thus violating his fifth amendment right to a fair trial.

■ Campbell first asserts that the district court erred in admitting, over his counsel's objection, the testimony of former business associate Joseph Ventresca concerning the failure of a business in which Campbell and Ventresca were partners.  That business, Response Air, was involuntarily placed in bankruptcy proceedings shortly before Campbell launched his National Marine dealership.  Campbell asserts that the testimony concerning Response Air did not bear on the charges in the indictment and simply bolstered the "bad man" picture painted by the government.

Campbell was charged with submitting false personal financial statements to three banks.  In those statements, which formed the basis for three of the charges against him, Campbell claimed that Response Air owed him $675,000, despite the fact the Response Air had already been placed in Chapter 7 liquidation proceedings at the time the statements were made.

We conclude that Ventresca's testimony concerning the financial status of Response Air and its involuntary placement in Chapter 7 liquidation proceedings is directly relevant to a material element in the indictment.  Ventresca testified that neither he nor Response Air owed Campbell $675,000, and that at the time Response Air went into bankruptcy, it had no assets.  Ventresca's testimony thus helped to establish the falsity of the financial statements submitted to the three banks, a central element in three of the charges.

■ Ventresca's testimony concerning Campbell's method of operating Response Air was also properly admissible as evidence of Campbell's intent, plan, or absence of mistake or accident.  *See* Fed.R. Evid. 404(b).  Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible to show intent, plan, or absence of mistake or accident, but not to show the defendant's propensity to commit criminal acts.  *See*  Fed.R.Evid.  404(b);  *United States v. Mothershed,* 859 F.2d 585, 588–90 (8th Cir.1988).  To be admissible under Rule 404(b), the evidence must be:  (1) relevant to a material issue;  (2) proved by a preponderance of the evidence;  (3) higher in probative value than in prejudicial effect;  and (4) similar in kind and close in time to the crime charged.  *Mothershed,* 859 F.2d at 588 & n. 2.  *See also Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 1501–1502, 99 L.Ed.2d 771 (1988).

■ The district court has broad discretion in deciding whether to admit evidence of other wrongful acts, and its decision will not be overturned without a clear showing that the requirements for admitting such evidence have not been met.  *United*

---

**1.** The current versions of these statutes can be found at 18 U.S.C. §§ 1014, 1343, 1344, 2314 (West Supp.1991).

**2.** The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

States v. Turpin, 707 F.2d 332, 336 (8th Cir.1983) (citing United States v. Evans, 697 F.2d 240, 248 (8th Cir.), cert. denied, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983); Monger v. Cessna Aircraft, 812 F.2d 402, 407 (8th Cir.1987).

Campbell asserts that the evidence concerning the bankruptcy was irrelevant and prejudicial and was offered simply to show that he had a propensity to defraud banks. The government counters that the evidence is relevant to material elements in the indictment because it shows that Campbell operated Response Air and National Marine in a similar fashion—in both cases, obtaining a large line of credit secured by inventory, selling the inventory, then retaining the proceeds without paying off the lender.

We conclude that the testimony in question indeed bore strongly on the issues of Campbell's intent, plan, or absence of mistake or accident. All four of the statutes that Campbell was charged with violating require an intentional or knowing effort to defraud. See 18 U.S.C. §§ 1014, 1343, 1344, 2314. Because Campbell's defense was premised on a lack of criminal intent or knowledge—his attorneys contended that his problems simply stemmed from "bad financial planning"—Ventresca's testimony was directly relevant to show Campbell's intent or plan to commit the acts charged in the indictment. See United States v. Weddell, 890 F.2d 106, 107–108 (8th Cir.1989) ("[w]here intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible"); United States v. Lanier, 838 F.2d 281, 285–86 (8th Cir.1988) (per curiam) (in fraud prosecution, evidence of defendant's statements concerning victim not named in indictment was admissible to show knowledge and plan where defendant claimed lack of knowledge or intent to defraud). Similarly, the testimony is relevant to show that Campbell did not act by mistake or accident. See United States v. Shannon, 836 F.2d 1125, 1129 (8th Cir.),

cert. denied, 486 U.S. 1058, 108 S.Ct. 2830, 100 L.Ed.2d 930 (1988).

Ventresca's testimony was not controverted, and its probative value, which was significant, exceeded its prejudicial effect. Moreover, as required by Mothershed, the other acts of which Ventresca testified were close in kind and similar in time to those charged in the indictment.[3]

We see no basis for concluding that the district court abused its discretion in admitting Ventresca's testimony, and we therefore reject Campbell's argument that the district court erred in so doing.

Campbell next argues that the district court erred by admitting, over his attorney's objection, the testimony of Joseph Van Dolah that he paid Campbell the sales tax on a boat, but that Campbell did not pay the tax to the proper governmental unit as he had agreed to do. Campbell makes no detailed argument as to why admission of this testimony was improper and merely alleges that it was irrelevant to the charges in the indictment.

Count VII charged Campbell with defrauding Van Dolah by selling him a boat, then wrongfully retaining proceeds and failing to pay off the holder of the security interest, which would have enabled Van Dolah to obtain legal title to the boat.

The evidence of Campbell's failure to pay the sales tax was admissible to show Campbell's intent under Rule 404(b) to defraud Van Dolah. Moreover, Campbell's failure to pay the tax can also be considered but one aspect of a single fraudulent transaction. See United States v. Derring, 592 F.2d 1003, 1007 (8th Cir.1979) ("'evidence of other crimes may be presented when "they are so blended or connected with the one on trial ... that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged"'") (citing United States v. Miller, 508 F.2d 444, 448–49 (7th Cir.1974).

---

3. During his involvement with both Response Air and National Marine, Campbell obtained loans secured by inventory, then sold the inventory without paying off the loans. Response Air entered bankruptcy proceedings in March 1985, and by the summer of 1985, Campbell was operating National Marine.

Accordingly, we conclude that the district court did not abuse its discretion in admitting the testimony of Van Dolah regarding Campbell's failure to pay the sales tax on the boat that he sold to Van Dolah.

 Campbell next argues that the district court erred in admitting, over his attorney's objection, the testimony by the former president of a bank defrauded by Campbell that Campbell was "the smoothest, most sincere con artist [that he had] ever come up against," and that it was "embarrassing" to admit how "stupid" he had been in his dealings with Campbell. The government concedes that the testimony was irrelevant, but argues that it was harmless under the circumstances. Gaylord Thomas testified at length about how Campbell had defrauded the Laurel American Bank of more than $200,000. Under these circumstances, we conclude that the district court's admission of this testimony did not affect Campbell's substantial rights, and that the error was therefore harmless beyond a reasonable doubt. *See* Fed.R.Crim.P. 52(a); *see also United States v. McCauley,* 601 F.2d 336, 339 (8th Cir.1979); *Rothgeb v. United States,* 789 F.2d 647, 651 (8th Cir.1986).

Campbell also cites 52 additional instances of allegedly irrelevant and prejudicial testimony. As his counsel did not object to any of these instances, the admission of this testimony is reviewed only for plain error. *See* Fed.R.Evid. 103(d); Fed.R. Crim.P. 52(b); *United States v. Roenigk,* 810 F.2d 809, 815 (8th Cir.1987). We have examined the record and conclude that in light of the extensive evidence against Campbell, the disputed testimony was at most cumulative and its admission did not affect Campbell's substantial rights. We thus conclude there was no plain error warranting reversal. *See United States v. Garbett,* 867 F.2d 1132, 1136 (8th Cir.1989).

 Finally, Campbell argues that prejudice and reversible error resulted from the district court's failure to give a limiting instruction regarding the evidence of prior crimes, wrongs, or acts. Campbell's trial counsel did not request such a limiting instruction. The plain language of Federal Rule of Evidence 105 states that the court shall issue a limiting instruction "upon request." *See also Huddleston,* 108 S.Ct. at 1502. When counsel fails to make a timely objection to the instructions, the instructions can be reviewed only for plain error. *United States v. Bear Ribs,* 722 F.2d 420, 424 (8th Cir.1983). After carefully reviewing the record, we find no plain error in the failure to issue a limiting instruction.

We affirm the judgment of the district court.