UNITED STATES of America, Appellee,

v.

Valentino R. MADIA, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Paul KAMPEN, Appellant.

Nos. 91–1385, 91–1386.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Jan. 28, 1992.

---

that were prohibited by bank policy and federal banking regulations. Asher fired Madia, revoked the agreement for the sale of the bank, and notified the authorities of the illegal loans. Madia and Kampen were convicted by a jury of bank fraud, misapplication of bank funds, and conspiracy to defraud.

Madia and Kampen (appellants) raise two issues in their appeal: (1) whether 18 U.S.C. § 3293, which increased the statute of limitations for certain banking offenses, violates the *ex post facto* clause of the Constitution, and (2) whether the district court[1] properly admitted certain evidence proffered by the government under Federal Rule of Evidence 404(b).

Stephen Jones, Enid, Okl., argued (Robert L. Wyatt, on brief), for appellants.

Steven Colloton, Cedar Rapids, Iowa, argued (Judith Whetstine, on brief), for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

WOLLMAN, Circuit Judge.

Valentino Madia and Paul Kampen appeal from their convictions for bank fraud, 18 U.S.C. § 1344(1), misapplication of bank funds, 18 U.S.C. § 656, and conspiracy to defraud, 18 U.S.C. § 371. We affirm.

### I.

Madia was the president of the Lone Rock Bank, Lone Rock, Iowa, which was owned by Eli Asher. Kampen, Madia's friend and business associate, was a farmer and entrepreneur. In October of 1984, Madia and Kampen made an offer to buy the bank. Asher accepted the offer, and Madia and Kampen made down payments on the purchase price in November and December of 1984. Several months later, Asher learned that Madia had made certain loans

### II.

Appellants first argue that the extension of the limitations period is an *ex post facto* law prohibited by Art. I, § 9, cl. 3 of the Constitution and that therefore their convictions under 18 U.S.C. § 656 and 18 U.S.C. § 1344 should be overturned. We disagree.

The original statute of limitations, five years, was lengthened to ten years prior to the expiration of the original limitations period governing appellants' offenses. The new limitations period provides:

No person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate—

(1) section * * * 656, * * * 1334; * * *

unless the indictment is returned or the information is filed within 10 years after the commission of the offense.

18 U.S.C. § 3293. Appellants concede that this statute became effective before the expiration of the original five-year limitation period.

The law is settled that "[e]xtending a limitation period before a given prosecution is barred does not violate the *ex post facto* clause." *United States ex rel. Massarella v. Elrod*, 682 F.2d 688, 689 (7th Cir.1982), *cert. denied*, 460 U.S. 1037, 103 S.Ct. 1426,

---

1. The Honorable David R. Hansen, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge.

1427, 75 L.Ed.2d 787 (1983) (citation omitted). "Congress, of course, has the power to extend the period of limitations without running afoul of the *ex post facto* clause, provided the [original] period has not already run." *United States v. Richardson*, 512 F.2d 105, 106 (3d Cir.1975) (citing *Falter v. United States*, 23 F.2d 420, 425–26 (2nd Cir.), *cert. denied*, 277 U.S. 590, 48 S.Ct. 528, 72 L.Ed. 1003 (1928) (L. Hand, J.)). We therefore find no merit in appellants' attack on the constitutionality of 18 U.S.C. § 3293.[2]

■ Next, appellants argue that certain testimony was improperly admitted pursuant to Federal Rule of Evidence 404(b).

Two witnesses, Carla Pedersen and her son Alan, testified that Kampen had procured a $2,000,000.00 loan for Carla Pedersen. According to the Pedersens, the price for the loan was a $10,000.00 payment to a bank official, to be paid in small bills and delivered in a grocery sack after the loan was disbursed. Carla Pedersen also testified that the loan involved much less documentation than she had expected, that she believed the payment to be a bribe, and that the transaction "sounded like it was the Mafia."

Appellants argue that the Pedersens' testimony related to events that were not sufficiently similar to the charges upon which appellants were being tried to warrant admission under Rule 404(b). They also argue that the reference to the Mafia, though offered only against Kampen, was unduly prejudicial against Madia because he is, and appears to be, Italian. Likewise, appellants argue that the connection between Kampen and Madia implies that Kampen himself was associated with the Mafia. Finally, appellants argue that the jury instruction on this evidence was misleading.

Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible to show intent, plan, absence of mistake or accident, but not to show the defendant's propensity to commit criminal acts. *United States v. Mothershed*, 859 F.2d 585,

588–90 (8th Cir.1988). "To be admissible under 404(b), the evidence must be: (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Campbell*, 937 F.2d 404, 406 (8th Cir.1991) (citation omitted). The district court has broad discretion in deciding whether to admit evidence under Rule 404(b). *Id.*

We conclude that the challenged testimony satisfied the requirements of Rule 404(b), as set forth in *Campbell*. First, evidence that Kampen solicited a bribe from Carla Pedersen in exchange for a loan, thereby intending to defraud the bank, was relevant to each of the charged offenses. The evidence bears on Kampen's intent, plan, absence of mistake or accident in relation to the charged offenses.

Second, the jury could find by a preponderance of the evidence that Kampen was involved in the bribery of a bank official. Both Carla and Alan Pedersen testified that they thought they were paying the $10,000.00 as a bribe. The $10,000.00 was to be given to Kampen before the loan was made, but paid to the bank official only after the loan had been disbursed. The money was delivered in a suspicious manner. Moreover, the bank's own witness testified that the bank's collection department had criticized the Pedersen loan documentation. These facts alone would allow the jury to infer that Kampen committed these acts.

Third, we do not agree with appellants that the reference to the Mafia rendered the testimony more prejudicial than probative. The balancing of the probative nature of the evidence against its prejudicial effect is a matter well within the district court's discretion. *United States v. Newton*, 912 F.2d 212, 214 (8th Cir.1990). The district court carefully considered this issue, noting that intent is a very difficult issue to prove, and determined that the

---

**2.** We note that appellants were sentenced in accordance with the penalties in place at the time of the offenses.

challenged testimony was admissible despite the claimed prejudice.

Fourth, we do not agree with appellants that Kampen's act was not similar in kind to the crime charged. The jury was instructed that intent to defraud "means to act with intent to deceive or cheat, for the purpose of causing some financial loss, ... or the bringing about of some financial gain to the defendant or another." The act described above, the payment of a bribe to obtain a loan, demonstrates such intent.

Finally, we note that the district court repeatedly cautioned the jury regarding the limited purpose for which the Pedersens' testimony could be used. The district court further instructed the jury that this evidence was not to be used against Madia. We therefore conclude that the district court did not abuse its discretion in allowing the Rule 404(b) testimony into evidence.

We have considered appellants' remaining arguments and reject them as being without merit.

The judgment of conviction is affirmed.