**UNITED STATES of America, Appellee,**

v.

**Jesus Jesse ARANDA, Appellant.**

**No. 91–3248.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1992.

Decided May 1, 1992.

David Martinez, Lubbock, Tex., argued, for appellant.

Lester Paff, Asst. U.S. Atty., Des Moines, Iowa, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

BOWMAN, Circuit Judge.

Jesus Jesse Aranda was charged with one count of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). After a plea of not guilty, Aranda was tried before a jury in the District Court[1] and found guilty. He was sentenced to eighty-five months in prison to be followed by three years of supervised release.

Aranda appeals this conviction and argues that the District Court erred in admitting evidence of a prior incident involving the defendant and the distribution of marijuana. This evidence, Aranda argues, should have been excluded under Rule 404(b) of the Federal Rules of Evidence and its admission was so unfairly prejudicial as

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

to require a reversal. We disagree and affirm the conviction.

## I.

The conspiracy with which Aranda was charged began in January 1988 and ran through October 1990. During this time, the government charged, Aranda conspired with several others to distribute marijuana, a Schedule I controlled substance, in the Southern District of Iowa and various other places. Aranda, who lived in Elkhart, Kansas, was involved in the transportation of the marijuana from Mexico into Iowa. Throughout the course of the charged conspiracy, Aranda and others drove the marijuana to Iowa in vehicles equipped with specially altered gas tanks in which the drugs were concealed for the northbound trip and the money hidden for the return.

The government introduced, as part of its case, evidence of two incidents involving Aranda. The first occurred in June 1989, when a vehicle in which Aranda was a passenger was stopped in Missouri by a Missouri highway patrolman. Aranda and others were on their way from Iowa to New Mexico. With the permission of the driver, two officers searched the vehicle and recovered a .44 caliber revolver, which Aranda claimed was his but which had been reported stolen in Norman, Oklahoma. Additionally, the officers recovered a nine-millimeter pistol and approximately $64,000 in cash. During the search of the vehicle, the officers noticed a strong smell of marijuana and of room deodorizer, which they believed had been used in an attempt to mask the odor of the marijuana. Aranda did not object to this evidence at trial nor does he claim on appeal that its admission was error.

The second incident occurred in November 1989. A vehicle in which Aranda was a passenger was stopped by a deputy sheriff in Texas. Because Aranda and the others had been drinking, they were arrested and the vehicle impounded. A subsequent search of the vehicle revealed forty-four and one-half pounds of marijuana, packaged in twelve individually wrapped bricks and hidden in a specially constructed gas tank. Aranda objected that this evidence was "prior crime" evidence and should be excluded under the prohibition of Rule 404(b). The District Court overruled his objection and admitted the evidence as relevant to plan, knowledge, and purpose.

These two incidents comprised only a part of the government's case against Aranda. The government also introduced the testimony of a co-conspirator who identified Aranda as a member of the conspiracy. The evidence showed that Aranda transported the marijuana into Iowa, that he met with others there to arrange the transactions and that he, with others, collected the money from the local distributor to whom the marijuana was delivered. Aranda neither testified nor presented any evidence on his behalf.

## II.

Aranda's sole argument on appeal is that the District Court erred in allowing evidence of the November 1989 stop, arrest, and vehicle search in Texas. He argues that the evidence was "other crimes" evidence, that it was relevant only to his character, and that it allowed the jury impermissibly to infer that he acted in conformity with that character. This character evidence, Aranda argues, should have been ruled inadmissible under Rule 404(b).[2] Aranda further contends that this error so prejudiced the jury against him that the conviction should be reversed.

It is clear, however, that Aranda's argument relies on a mischaracterization of the government's evidence. This Court has consistently held that "[e]vidence that is probative of the crime charged and not relevant solely to uncharged crimes is not 'other crimes' evidence." *United States v.*

---

2. Rule 404(b) of the Federal Rules of Evidence states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**214**

*Cerone,* 830 F.2d 938, 948 (8th Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). Evidence that is probative of the crime charged does not fall within the ambit of Rule 404(b), *United States v. Nunn,* 940 F.2d 1128, 1131 (8th Cir.1991), and thus is not subject to its heightened scrutiny. This is particularly important in cases such as the present one involving a charge of conspiracy.[3] Where the government has introduced evidence of acts committed by the defendant or a co-conspirator, during the time frame of the conspiracy and in furtherance of it, this Court has held that such evidence is not of "other crimes," but rather is evidence of the very crime charged. *E.g., United States v. Brown,* 956 F.2d 782, 786 (8th Cir.1992); *United States v. McConnell,* 903 F.2d 566, 571 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1393, 113 L.Ed.2d 449 *and* —— U.S. ——, 111 S.Ct. 1011, 112 L.Ed.2d 1093 (1991); *United States v. Jones,* 880 F.2d 55, 58–59 (8th Cir.1989). Because this is evidence of the conspiracy itself, the policy of Rule 404(b), that a criminal defendant should not have to defend himself against uncharged crimes, is not implicated. Further, the inference sought to be foreclosed by Rule 404(b), that a person of demonstrated criminal character can be presumed to have acted in conformity with that character, is not raised where the challenged evidence directly supports the existence of the charged criminal conspiracy without regard to the defendant's character.

In the present case, Aranda is charged with participation in a conspiracy to distribute marijuana in Iowa from 1988 to 1990. The government's evidence shows that the established method of transporting the marijuana from Mexico to Iowa was to use pickups with altered gas tanks in which the drugs could be hidden. The evidence further shows that Aranda had, on several occasions, delivered the marijuana to his co-conspirators in Iowa. The challenged evidence shows that during the period of the charged conspiracy, the defendant had been a passenger in a pickup with a specially altered gas tank in which was hidden a large quantity of marijuana. At trial, Aranda's co-conspirator identified the pickup, the altered gas tank, and the method of wrapping the marijuana as consistent with the established modus operandi of the conspiracy. The totality of this evidence supports the government's contention that "[t]he act in Texas on [sic] November of 1989 is simply another load ... for distribution hauled by Jesse Aranda for the ... organization." Appellee's Brief at 12. Therefore, we hold that the challenged evidence is not evidence of an "other crime" subject to the heightened scrutiny of Rule 404(b), but was direct evidence of the crime charged.

Although the evidence is not subject to exclusion under Rule 404(b), this relevant evidence still may have been inadmissible if the balancing test required by Fed. R.Evid. 403[4] was not met. "This Court will give broad deference to a district court's determinations under Rule 403." *United States v. Holmes,* 822 F.2d 802, 806 (8th Cir.1987). "We do not reweigh the value of the material against its potential for harm to the defendant, but determine only whether the district judge abused his discretion in admitting it." *United States v. Derring,* 592 F.2d 1003, 1007 (8th Cir. 1979). Aranda, while asserting that the District Court's decision was unfairly prejudicial, makes no attempt on this appeal to demonstrate any such prejudice or even to

**3.** To convict Aranda of conspiracy under 21 U.S.C. § 846 (1988), the government must prove an agreement among two or more people, including the defendant. The purpose of this agreement must be to engage in one or more criminal acts, here the distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (1988). Under this section, the government is not required to prove, as an element of the crime, an act in furtherance of the conspiracy as is required under the general conspiracy statute, 18 U.S.C.

§ 371 (1988). Any evidence of an overt act by any of the conspirators, however, remains relevant as part of the totality of the evidence from which the existence of the agreement, the touchstone of conspiracy, may be inferred.

**4.** Rule 403 of the Federal Rules of Evidence states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."

speculate as to its nature or extent. The record reveals that the District Court carefully considered the proffered evidence, weighed its probative value and potential for unfair prejudice, and expressly found that Rule 403 did not require that the evidence be excluded. The scrutiny exercised by the District Court is evidenced by the court's refusal to allow the government also to introduce the fact that Aranda was convicted, as a result of the November 1989 stop, of possession with intent to distribute marijuana. Our review of the record has satisfied us that the District Court did not abuse its discretion in admitting the challenged testimony.

### III.

■ Even were we to hold that Rule 404(b) governed the admissibility of this evidence, we would find no error on the part of the District Court. "The trial court has broad discretion under [Rule 404(b)] and will be reversed only when the evidence 'clearly has no bearing upon any of the issues involved.'" *United States v. DeLuna,* 763 F.2d 897, 913 (8th Cir.) (citation omitted), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). This Court has consistently construed Rule 404(b) as a rule of inclusion, precluding only evidence that is relevant solely to the defendant's character. *United States v. Mothershed,* 859 F.2d 585, 589 (8th Cir. 1988). "To be admissible under Rule 404(b), the evidence must be: (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the

crime charged." *United States v. Campbell,* 937 F.2d 404, 406 (8th Cir.1991).[5]

■ In the present case, the District Court found the evidence was relevant to show the plan of the conspiracy, and thus its existence, and to show that Aranda knowingly and purposefully participated in this conspiracy. Clearly these issues are material for they are the elements necessary to establish a violation of 21 U.S.C. § 846. Aranda argues that because he presented no defense, these issues were not in dispute. That argument is nonsense. A criminal defendant who enters a plea of not guilty, thereby pressing the government to make its case, cannot later be heard to complain that the government introduced evidence to prove the elements of the crime. Rather, a "plea of not guilty place[s] in issue every element of the crimes charged." *Mothershed,* 859 F.2d at 589. Moreover, "[i]t [is] not necessary for the government to await defendant's denial of intent or knowledge before introducing this evidence; instead, the government may anticipate the defense and introduce it in its case-in-chief." *United States v. Lewis,* 759 F.2d 1316, 1349 n. 14 (8th Cir.), *cert. denied,* 474 U.S. 994, 106 S.Ct. 406, 407, 88 L.Ed.2d 357 (1985). Here, the District Court did not abuse its discretion in finding the challenged evidence was relevant to the defendant's plan, knowledge, and purpose.

The challenged evidence was introduced through the testimony of Deputy Sheriff Bohannon of the Hockley County Sheriff's Department in Hockley County, Texas. His testimony provides a clear account of the presence of Aranda in the pickup and

---

5. Prior to 1988, this Court held that, under Rule 404(b), evidence of prior crimes had to be "clear and convincing." *United States v. Estabrook,* 774 F.2d 284, 287 (8th Cir.1985) (quoting *United States v. Gustafson,* 728 F.2d 1078, 1083 (8th Cir.), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984)). In 1988, however, the Supreme Court ruled that this element of a Rule 404(b) analysis was satisfied if there was "sufficient evidence to support a finding by the jury that the defendant committed the [prior acts]." *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). Despite our occasional reference to the contrary, *e.g., United States v. Callaway,* 938 F.2d

907, 910 (8th Cir.1991); *Arcoren v. United States,* 929 F.2d 1235, 1243 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 312, 116 L.Ed.2d 255 (1991); *United States v. Ball,* 868 F.2d 984, 989 (8th Cir.1989), this Court, as it must, has recognized and applied the new standard. *E.g., Campbell,* 937 F.2d at 406; *United States v. Crook,* 936 F.2d 1012, 1015 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 974, 117 L.Ed.2d 138 (1992); *United States v. Johnson,* 934 F.2d 936, 939 n. 4 (8th Cir.1991); *United States v. Newton,* 912 F.2d 212, 214 (8th Cir.1990); *United States v. Fawbush,* 900 F.2d 150, 151 n. 2 (8th Cir.1990).

the subsequent discovery of the marijuana in the gas tank. This testimony provided "sufficient evidence to support a finding by the jury that the defendant committed the [prior acts]." *Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). The testimony of Aranda's co-conspirator identifying the type of vehicle, the modified gas tank, and the packaging of the drugs as distinctive of this conspiracy's methods, provided the jury a basis from which to infer that Aranda knew of the conspiracy and was purposefully participating in it.

Our discussion in Part II of this opinion disposes of the third and fourth elements of this Rule 404(b) analysis. The incident in Texas was sufficiently close in time because it occurred during the time span of the charged conspiracy. The testimony of Aranda's co-conspirator qualifies the Texas incident as sufficiently similar to the crime charged. And finally, we cannot say that the evidence of the incident in Texas was not higher in probative value than in prejudicial effect; this holding obviates the need for any additional weighing under the less stringent Rule 403 standard.

▪ Finally, where evidence is admitted under Rule 404(b), the district court should specify the issue on which it is admitted and should caution the jury to limit its consideration of the evidence to that issue. *United States v. Westbrook*, 896 F.2d 330, 334 (8th Cir.1990). The District Court in the present case, while recognizing that the evidence was admissible for the limited purposes of showing plan, knowledge, and purpose, did not give a limiting instruction. Rule 105 of the Federal Rules of Evidence, however, places the burden of requesting a limiting instruction, in this instance, on the defendant. *United States v. Campbell*, 937 F.2d at 408 (citing *Huddleston*, 485 U.S. at 691–92, 108 S.Ct. at 1502). As no such instruction was requested at trial, we review this issue only for plain error, which Aranda has not demonstrated. *Campbell*, 937 F.2d at 408; *United States v. Hiland*, 909 F.2d 1114, 1133 n. 30 (8th Cir.1990); *United States v. Petty*, 798 F.2d 1157, 1161 (8th Cir.1986),

*judgment vacated on other grounds*, 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987). Had it been raised, of course, our holding in Part II of this opinion that the evidence was admissible as direct evidence of the crime charged, and thus did not require a limiting instruction, would preclude a finding of error on the part of the District Court on this issue.

### IV.

For the reasons stated above, we hold that the evidence of the November 1989 stop, arrest, and subsequent vehicle search involving Aranda was not evidence of a "prior crime" and was admissible as evidence of the charged conspiracy. Additionally, even if Rule 404(b) were applicable, we hold that the District Court did not abuse its discretion in admitting this evidence. Accordingly, Aranda's conviction is affirmed.