UNITED STATES of America, Appellee,

v.

William Arthur JONES, Appellant.

No. 92–2126.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 16, 1992.

Decided April 9, 1993.

Rehearing and Rehearing En Banc
Denied June 9, 1993.

Faison T. Sessons, Minneapolis, MN, argued, for appellant.

Andrew Dunne, Minneapolis, MN, argued, for appellee.

Before MCMILLIAN, WOLLMAN and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

William Jones was charged with two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and with one count of use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c). A jury convicted Jones of all three counts and the district court[1] sentenced him to concurrent 151–month terms of imprisonment on the drug count, a consecutive 60–month term on the firearms count to be followed by a five-year term of supervised release. Jones appeals and we affirm.

I.

On June 19, 1991, law enforcement officers sent undercover informant Angela Figeroa to Jones' apartment to conduct a "controlled buy" of crack cocaine. The officers gave Figeroa $350 in pre-recorded government "buy money," and at approximately 10:00 a.m., Figeroa entered the apartment. Several minutes later, Figeroa walked out of Jones' apartment and gave

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

the officers a plastic bag that later proved to contain six grams of crack cocaine.

On the basis of the success of this controlled buy as well as additional information provided by Figeroa regarding Jones' drug trafficking activities, the officers obtained a search warrant for Jones' apartment. The officers returned to the apartment several hours later and waited until Jones, who apparently had left his apartment, returned home. As Jones approached his door, the officers identified themselves, handcuffed Jones, and entered the apartment. They then proceeded to conduct the search.

During the search the police found over 800 grams of cocaine and over 50 grams of crack cocaine packaged in plastic bags; approximately $7000, including the $350 of pre-recorded buy money that the officers had supplied to Figeroa; various drug paraphernalia; and a loaded .25 caliber handgun. The gun, which forms the basis for the firearm conviction, was found inside a shoe hanging in a shoe rack on the back of the bedroom door. The officers conducting the search also found a box of .25 caliber bullets in a dresser drawer located in the bedroom.

Jones raises two issues on appeal. First, he argues that the evidence presented at trial does not support the § 924(c) firearm conviction. Second, he argues that the district court erred when it denied his motion in limine to exclude all testimony regarding the undercover controlled buy.

## II.

▇ Defendant challenges the sufficiency of the evidence to support his conviction under 18 U.S.C. § 924(c). Section 924(c) provides in part as follows:

> Whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1). Jones asserts that the government presented insufficient evidence to establish that he used a firearm during and in relation to the specific drug trafficking crime of possession with intent to distribute a controlled substance. In reviewing such a challenge, we must affirm the conviction if, after viewing the evidence in a light most favorable to the government and giving the government the benefit of all reasonable inferences, we conclude that a reasonable jury could have found Jones guilty beyond a reasonable doubt. *United States v. Bennett*, 956 F.2d 1476, 1478 (8th Cir.1992) (citing *United States v. Maejia*, 928 F.2d 810, 812 (8th Cir.1991)).

Jones focuses on the "intent to distribute" language of 18 U.S.C. § 841(a)(1) in formulating his argument on appeal. Jones argues that the government failed to prove, and may conceptually be unable to prove, that he used the gun "during and in relation to" his "intent to distribute" the controlled substances. To support this argument, Jones relies upon *United States v. Bruce*, 939 F.2d 1053 (D.C.Cir.1991). In *Bruce*, the court specifically determined that "if the evidence shows no more than that the defendant possessed a gun which, it may be inferred, he intended to use in some future distribution of narcotics," the government has failed to show the defendant "used" the firearm for § 924(c) purposes. *Bruce*, 939 F.2d at 1056 (conviction under § 924(c) reversed because the government presented no evidence defendant used the gun to protect his drugs or to facilitate a given drug transaction). Jones asserts that, at most, a reasonable jury might infer that he *intended* to use the gun found hanging on the back of the bedroom door during a distribution he intended to conduct at a later time and that his conviction should therefore be reversed.

The D.C. Circuit has recently had the opportunity to reassert its position regarding the applicability of § 924(c) to a conviction for possession with intent to distribute a controlled substance and to clarify *Bruce*. *See United States v. Morris*, 977 F.2d 617 (D.C.Cir.1992). The *Morris* court stated:

In *Bruce*, this court recognized the analytical difficulty in distinguishing those cases in which someone merely possesses a gun with the intent to use it in a future drug trafficking crime, such as an intended sale—which does not violate § 924(c)—from those cases in which someone actually uses the gun in relation to the trafficking crime, such as a current sale or to protect current possession in anticipation of a future sale—which does violate § 924(c).

*Id.* at 621 (citing *Bruce*, 939 F.2d at 1053). Despite his assertions otherwise, Jones' case is not one that falls prey to the described analytical difficulty. Rather, the evidence strongly supports the finding that Jones used the gun to protect his "current possession" of drugs.

As this court has recognized, "[i]t has become common knowledge that drug traffickers typically keep firearms available to protect themselves and their drugs and drug money." *United States v. Young-Bey*, 893 F.2d 178, 181 (8th Cir.1990). If the presence of the firearm helps protect the supply of drugs and further the illegal activity, a § 924(c) conviction may be warranted. *See United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir.1985); *Young-Bey*, 893 F.2d at 181. In this case, Jones kept the gun in the same room as and in close proximity to the contraband: the gun hung on the back of the bedroom door and the cash and drugs were stored in the adjacent bedroom closet. A reasonable jury might also infer that the paraphernalia found in the apartment was used to prepare the drugs for sale and that the gun was important for the protection and success of Jones' enterprise as a whole. *See United States v. Michaels*, 911 F.2d 131, 132 (8th Cir.1990) ("[I]f a gun is available to the defendant, and if the gun was an integral part of the crime and increased the likelihood of its success, then it was used during and in relation to the crime.") (citation omitted), *cert. denied*, 498 U.S. 1094, 111 S.Ct. 981, 112 L.Ed.2d 1066 (1991). The jury had before it sufficient evidence to conclude that Jones kept the gun to protect his drug supply.

This court has upheld numerous § 924(c) convictions based on evidence that a gun was used during and in relation to "possession" of a controlled substance. *See United States v. Williams*, 982 F.2d 1209 (8th Cir.1992) (loaded handgun found in defendant's automobile, readily accessible, and in close proximity to a large quantity of cocaine base sufficient to support a § 924(c) conviction); *United States v. Curry*, 911 F.2d 72 (8th Cir.1990) (reasonable for jury to conclude that loaded handgun found in another room was readily available for protection of cash and drugs stored in defendant's townhouse), *cert. denied*, 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991); *Young-Bey*, 893 F.2d 178 (permissible for jury to infer that guns found near drugs and drug paraphernalia were used during and in relation to a drug trafficking crime for purposes of a § 924(c) conviction); *United States v. Matra*, 841 F.2d 837 (8th Cir.1988) (defendant "used" a firearm for § 924(c) purposes when the gun was readily available and increased the likelihood his criminal venture would succeed); *United States v. LaGuardia*, 774 F.2d 317 (8th Cir.1985) (evidence that weapons were used to protect cash and cocaine supply was sufficient to support a § 924(c) conviction). *See also, Bruce*, 939 F.2d at 1056 (to obtain a conviction under § 924(c), "the evidence must support the inference that the gun was used to protect the defendant's unlawful possession of drugs that he intended to distribute in the future."). To focus, as Jones does, only on the words "intent to distribute" is to read the word "possession" out of the underlying drug trafficking crime. *Cf. Matra*, 841 F.2d at 840–41 (government must prove both 'possession' and 'intent to distribute' in order to establish a violation of 18 U.S.C. § 841(a)(1)).

■ Jones also contends that the government offered no evidence to show that he "carried, brandished, or actually used the firearm in connection with a drug trafficking offense," and therefore his possession of the gun did not constitute "use" for § 924(c) purposes. We disagree. A defendant need not brandish or discharge the firearm in order for a jury to find the defendant used that firearm during and in

relation to a drug trafficking crime. *Curry,* 911 F.2d at 79 (citing *Matra,* 841 F.2d at 843). Rather, "use" may be inferred from the availability and presence of the firearm, and actual possession is not necessary provided the firearm is under the defendant's control. *Matra,* 841 F.2d at 842–43; *see also, LaGuardia,* 774 F.2d at 321. Jones lived alone in his apartment and there is no indication that anyone else had regular and direct access to the back of his bedroom door. A jury could reasonably infer that a gun's availability coupled with its importance to the success of the drug venture amounted to "use" for purposes of § 924(c).

The government presented sufficient evidence to support a finding that Jones used the gun found in his apartment to protect his possession of drugs that he intended for distribution at a later date. *See Morris,* 977 F.2d at 623 ("a jury could reasonably infer that [defendant] was using these firearms to protect the drugs in the apartment intended for future distribution"). Accordingly, we affirm the judgment of the district court, and we need not address the circumstances in which a defendant might be convicted of a § 924(c) violation for use of a firearm solely in relation to an "intent to distribute."

### III.

█ Jones also challenges the district court's decision to permit the government to introduce evidence of the controlled buy during which informant Figeroa purchased six grams of crack cocaine. *See* Fed. R.Evid. 404(b). Pursuant to Rule 404(b), a district court may admit evidence of "other crimes" or "bad acts" for the purpose of proving intent or motive, but not of proving character or the defendant's propensity to commit the crime charged. Rule 404(b) is considered a rule of inclusion, "precluding only evidence that is relevant solely to the defendant's character." *United States v. Aranda,* 963 F.2d 211, 215 (8th Cir.1992) (citing *United States v. Mothershed,* 859 F.2d 585, 589 (8th Cir.1988)). To be admissible, such evidence must be: " '(1) relevant to a material issue; (2) proved by a prepon-

derance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged.' " *Id.* (citing *United States v. Campbell,* 937 F.2d 404, 406 (8th Cir. 1991)) (footnote omitted). Jones challenges only the requirement concerning the standard of proof, specifically asserting that the government failed to present sufficient evidence to establish a connection between Jones and the controlled buy.

"The district court has broad discretion in deciding whether to admit evidence of other wrongful acts, and its decision will not be overturned without a clear showing that the requirements for admitting such evidence have not been met." *United States v. Campbell,* 937 F.2d 404, 406–07 (8th Cir.1991) (citations omitted); *see also, United States v. Aranda,* 963 F.2d 211, 215 (8th Cir.1992). Although Figeroa did not testify at trial, the government offered evidence that the controlled buy was conducted under surveillance and electronic monitors. The pre-recorded buy money used in the transaction was found in Jones' apartment. In addition, Figeroa was searched prior to the transaction to ensure that she had no drugs with her when she entered the apartment. The government presented sufficient evidence to prove the connection between Jones and the controlled buy involving the sale of six grams of crack cocaine by a preponderance of evidence. We find the district court did not err in admitting the evidence of the controlled buy.

### IV.

The government presented sufficient evidence to support a finding that Jones used a firearm during and in relation to a drug trafficking crime in·violation of 18 U.S.C. § 924(c), and the district court did not err in admitting the evidence of the controlled buy of crack cocaine. We affirm the judgments of conviction.

McMILLIAN, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority opinion's affirming the district court's admission of

evidence of the controlled buy. However, as discussed below, I cannot agree that Jones used a firearm during and in relation to a drug trafficking crime, specifically possession with intent to distribute. For that reason, I would affirm the drug counts but would reverse the firearm count.

Jones was charged with two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and one count of use of a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c). Because possession with intent to subsequently distribute is a passive crime, I find it difficult analytically to determine how one can actually use a gun in relation to that crime. As stated in *United States v. Bruce*, 939 F.2d 1053, 1055 (D.C.Cir.1991) (*Bruce*), "Congress did not make it a crime to possess a gun with the *intent* to use it in relation to a drug trafficking crime. Instead, § 924(c) only makes it a crime to use a gun in relation to a drug trafficking crime."

This court has visited this issue a number of times, and correctly has held that more than mere possession of a firearm is required for a conviction under 18 U.S.C. § 924(c). *See, e.g., United States v. Lyman*, 892 F.2d 751, 753 (8th Cir.1989). This court also has stated that the government need not show the defendant was in actual physical possession of the firearm, or that he or she brandished or discharged it. *See, e.g., United States v. Matra*, 841 F.2d 837, 843 (8th Cir.1988). We have held that § 924(c) may reach the possession of a firearm which facilitates the execution of a felony involving drug trafficking, *see, e.g., United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir.1985), and we have employed various "armed fortress" analogies to support "use" convictions pursuant to § 924(c). *See, e.g., United States v. Matra*, 841 F.2d at 842.

The factual circumstances of each case are critical to a § 924(c) conviction. Courts consider several factors to decide whether defendants used firearms during and in relation to a drug trafficking crime under § 924(c). *See, e.g., United States v. Morris*, 977 F.2d 617, 621–22 (D.C.Cir.1992). Possession of the firearm is one factor. *Id.* Another is the accessibility of the gun to the defendant. *Id.* The proximity of the gun to the drugs is a third factor and, finally, whether the gun is loaded. *Id.* at 622. Considering this case against this backdrop, I cannot agree that Jones used his firearm in relation to drug trafficking.

In the present case a loaded firearm was found inside a shoe hanging on a shoe rack on the back of Jones' bedroom door. Bullets for the gun were found in a dresser drawer in the bedroom. The drugs were found in a locked metal box in the floor of the bedroom closet. The proximity of the gun to the drugs depends on the layout of the bedroom. I would argue that evidence showing the gun was merely stored near the drugs was insufficient to support a "use" conviction within the meaning of § 924(c). *Bruce*, 939 F.2d at 1056. Regardless of the proximity of the firearm to the drugs, however, I cannot agree that these facts establish "use" of the firearm in relation to drug trafficking because the underlying drug trafficking crime was possession with intent to distribute. In my view, the evidence in the present case showed only that Jones possessed a gun which, it may be inferred, he intended to use in some future distribution of drugs. I am afraid the majority opinion has slipped on the slippery slope about which Judge Silberman warned in *United States v. Morris*, 977 F.2d 617, 623 (D.C.Cir.1992), and is sliding into uncharted territory.