34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Frederick WAGNER, Appellant.
 No. 93-3554.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 9, 1994.
Filed: August 17, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frederick Wagner appeals the final judgment entered by the district court[1] upon a jury verdict finding him guilty of stealing government funds, in violation of 18 U.S.C. Sec. 641. We affirm.
 
 
 2
 Wagner's great-aunt, Mildred Dotson, received monthly Veterans Administration (VA) pension checks. Although Dotson died in 1982, someone continued to deposit the checks in her bank account, on which Wagner was a co-signer, until 1991 when the VA learned of Dotson's death through an anonymous tip. At trial, Wagner admitted he wrote checks on the account and made ATM withdrawals, but denied depositing the checks or knowing about the deposits. He alleges that Leola Thomas, who lived in Dotson's house since she died, was to deposit rent checks to him in the account each month, but must have instead deposited the VA checks.
 
 
 3
 Wagner moved for acquittal after the government presented its evidence and renewed his motion at the close of all evidence; both motions were denied. The jury found Wagner guilty, and the district court sentenced him to fifteen months imprisonment and two years supervised release, and ordered him to pay partial restitution of $7000 and a $50 special penalty. Wagner argues the evidence at trial was insufficient to support the guilty verdict.
 
 
 4
 When reviewing insufficient evidence claims, we "must affirm the conviction if, after viewing the evidence in a light most favorable to the government and giving the government the benefit of all reasonable inferences, [the court] conclude[s] that a reasonable jury could have found [Wagner] guilty beyond a reasonable doubt." United States v. Jones, 990 F.2d 1047, 1048 (8th Cir. 1993) (citations omitted), cert. denied, 114 S. Ct. 699 (1994). Moreover, "[i]t is the sole province of the jury to weigh the credibility of a witness." United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992).
 
 
 5
 While most of the evidence presented at trial is consistent with Wagner's guilt or innocence, we find the government produced sufficient evidence to support the jury's verdict. To be convicted, Wagner must have knowingly committed the offense. See 18 U.S.C. Sec. 641. Thomas testified that she gave Wagner the VA checks that arrived in the mail after Dotson's death, that Wagner told her he would send the checks back, and that he picked up the checks at her home at first, but later brought over a stack of self-addressed envelopes so Thomas could send the checks to him when they came. Thomas testified that Wagner eventually admitted to her that he was not sending the checks back. We find that Thomas's testimony "was not so incredible or insubstantial that no reasonable juror would have credited it." See United States v. Kragness, 830 F.2d 842, 864 (8th Cir. 1987). In addition, while Wagner testified that Thomas was paying him rent of $400 per month, Thomas testified that Wagner allowed her to live in the house rent-free because Thomas had persuaded Dotson to will the house to Wagner. Thomas's testimony that she was presently paying the new owner only $220 per month in rent further undercut Thomas's testimony. Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas