**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-4150
_____

United States of America,    *
                                *
       Appellee,         *
                                * Appeal   from   the   United
States
    v.                    * District Court for the
                                * Western    District    of
Missouri.
Gerardo Meza-Borunda, also known                *
       [UNPUBLISHED]
as Martien E. Eyandaz, also known as          *
Borunda Gerardo, also known as                *
Gerardo Borunda,             *
                                *
       Appellant.        *

_____

Submitted:   June 25, 1997
Filed:   July 16, 1997

_____

Before   HANSEN,    MORRIS    SHEPPARD   ARNOLD,   and    MURPHY,
Circuit                        Judges.

_____

PER CURIAM.

     Gerardo Meza-Borunda (Borunda), co-defendant Richard Hixon, and Charles
Elmore were arrested after attempting to pick up a shipping container of marijuana from

a freight company on January 22, 1996. Following a jury trial in the district court,[1] Borunda was convicted of attempting to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 846, and 18 U.S.C. § 2; he was sentenced to 84 months of imprisonment and four years of supervised release. On appeal, Borunda argues that Hixon's and Elmore's trial testimony regarding uncharged marijuana transactions between themselves and Borunda preceding the January 22 arrest was inadmissible other-crimes evidence under Federal Rule of Evidence 404(b).

As an initial matter, we note that the evidence of the uncharged marijuana transactions may not be 404(b) evidence, but instead evidence of Borunda's participation in the charged conspiracy. See United States v. Aranda, 963 F.2d 211, 214 (8th Cir. 1992) ("Where the government has introduced evidence of acts committed by the defendant or a co-conspirator, during the time frame of the conspiracy and in furtherance of it, . . . such evidence is not of 'other crimes,' but rather is evidence of the very crime charged."). We nonetheless analyze the evidence under Rule 404(b). Cf. United States v. Luna, 94 F.3d 1156, 1162 (8th Cir. 1996) (noting that where the dichotomy between intrinsic and extrinsic evidence is blurred, it matters little whether evidence is viewed as lying beyond the scope of Rule 404 or as satisfying the Rule 404(b) test).

We review the admission of Rule 404(b) evidence for abuse of discretion and will find such abuse "only if it is clear the evidence had no bearing on any issues involved in the case." United States v. Vaughn, 111 F.3d 610, 615 (8th Cir. 1997). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b)

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

is a rule of inclusion that precludes only admission of evidence that is relevant solely to the defendant's character.  United States v. Jones, 990 F.2d 1047, 1050 (8th Cir. 1993), cert. denied, 510 U.S. 1048 (1994).  Thus, evidence of other crimes or bad acts is admissible if (1) it is relevant to a material issue raised at trial; (2) there is sufficient evidence to support a finding that the defendant committed the act; (3) the probative value of the evidence substantially outweighs its potential prejudice; and (4) the evidence is similar in kind and reasonably close in time to the crime charged.  United States v. Sutton, 41 F.3d 1257, 1259 (8th Cir. 1994), cert. denied, 115 S. Ct. 1712 (1995).

We conclude these requirements were satisfied here, given the corroborating testimony of Elmore and Hixon, the similarity of parties and the closeness in time of the other marijuana transactions to the charged offense, the fact that Borunda placed at issue his knowledge of the attempted marijuana pick-up, and the court's instruction to the jury regarding the limited use of other-crimes evidence.  See United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (Rule 404(b) evidence admissible when defendant places state of mind at issue, even if done by means of general-denial defense); United States v. Mihm, 13 F.3d 1200, 1205 (8th Cir. 1994) (Rule 404(b) evidence admissible where knowledge and intent are at issue and "wrong place at wrong time" defense is asserted); United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992) (Rule 404(b) evidence of other crime properly admitted and more probative than prejudicial where other crime was virtually identical to charged offense and occurred only eight months later, and court provided limiting instruction to jury).

Borunda also contends the government failed to provide pre-trial notice of its intent to introduce other-crimes evidence.  Because Borunda did not object below to this alleged lack of notice, we review for plain error, and we find none.  See United States v. Robinson, 110 F.3d 1320, 1325-26 & n.3 (8th Cir. 1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.