**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4868

JOSE GRANADOS, a/k/a Chepe, a/k/a
Chippy,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-224)

Submitted: June 9, 1998

Decided: July 8, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Susanna Lorenzo-Giguere, Special
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Jose Edgar Granados appeals his conviction after a jury trial of conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). We affirm.

The Government's evidence at trial established that from October 1995 to April 1996, two crack houses operated out of an apartment building in Arlington, Virginia. One of the crack houses was run out of Apartment #1 by Roberto Sorto (Sorto), and the other was run out of Apartment #4 by Jorge Ferreria (Ferreria).

Granados sold crack for Sorto from December 1995 to January 1996. While selling out of Sorto's apartment, Granados would buy crack from Ferreria's apartment if Sorto ran out. Granados then began to sell crack at Ferreria's apartment on a daily basis from sometime in early 1996 through March 1996. Beginning in February 1996, Ferreria made Granados the person in charge of crack distribution out of Ferreria's apartment.

The indictment charged that Granados, several named conspirators, several named unindicted co-conspirators, and other persons known and unknown, distributed and conspired to possess with intent to distribute crack cocaine. Ferreria was named as an unindicted co-conspirator, but Sorto was not named in the indictment. The overt acts charged in the indictment included Granados' and his co-conspirators' dealing crack out of Ferreria's apartment. Dealings out of Sorto's apartment were not charged as specific overt acts.

Prior to trial, Granados filed a motion in limine to exclude any evidence of his selling drugs out of Sorto's apartment, on the ground that it was other crimes evidence not admissible under Federal Rules of Evidence 403 and 404(b). The district court denied Granados' motion

2

after oral argument. On appeal, Granados contends that the district court erroneously allowed in evidence of his crack dealing out of Sorto's apartment. Specifically, Granados contends that this evidence was evidence of other crimes under Fed. R. Evid. 404(b), and was not admissible under that rule.

This Court reviews a district court's evidentiary decisions for abuse of discretion. See United States v. Hassan El , 5 F.3d 726, 731 (4th Cir. 1993). Evidence of uncharged conduct is not considered other crimes evidence if it "arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (quoting United States v. Towne , 870 F.2d 880, 886 (2d Cir. 1989)). Evidence of acts committed by a defendant or a co-conspirator which serves to provide context to the charged conspiracy, is not other crimes evidence and does not fall within the ambit of Rule 404(b). See Kennedy, 32 F.3d at 885-86; United States v. Aranda, 963 F.2d 211, 213-14 (8th Cir. 1992); see also United States v. Grimmond, 137 F.3d 823, 831-32 (4th Cir. 1998) (holding that, in prosecution for being felon in possession of firearm, evidence defendant shot two people was relevant to proving possession, an element of crime charged, and thus was not other crimes evidence under Rule 404(b)).

Granados' drug distribution out of Sorto's apartment during the time frame of the charged conspiracy served to prove Granados' participation in drug distribution activities. See Kennedy, 32 F.3d at 886. This evidence also proved at least one source of the crack cocaine which Granados dealt out of Ferreria's apartment--Sorto. See id. Overall, the evidence showed that Granados was involved on a regular basis in the distribution of crack during the time period charged, thus serving to "complete the story of the crime on trial," and providing context to the charged conspiracy. See id. ; Aranda, 963 F.2d at 213-14. Accordingly, even assuming that the evidence of Granados' drug dealing out of Sorto's apartment was uncharged conduct, it was not other crimes evidence under Rule 404(b), and the district court did not abuse its discretion in admitting this evidence.

We affirm Granados' conviction. We dispense with oral argument because the facts and legal contentions are adequately set out in the

materials before the court and argument would not aid the decisional process.

AFFIRMED