**UNITED STATES of America, Appellee,**

v.

**John Stephen ROLEY, Appellant.**

No. 88–5524.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1989.

Decided Jan. 12, 1990.

---

John R. Wylde, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BRIGHT, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

John Stephen Roley challenges only his conviction [1] for participating in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (1982 & Supp. V 1987), in this appeal, although he was also convicted of several other offenses.[2] Roley's most substantive argument is that there was insufficient evidence to establish beyond a reasonable doubt that he "occupie[d] a position of organizer, a supervisory position, or any other position of management" over five persons with whom he was acting in concert as part of a continuing criminal enterprise. 21 U.S.C. § 848(b)(2)(A).[3] We affirm.

---

1. The case was heard before the Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

2. Roley was also convicted of distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (1982), interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952 (1988), failing to file a tax return during one calendar year in violation of 26 U.S.C. § 7203 (1982 & Supp. V 1987), and filing incorrect tax returns in violation of 26 U.S.C. § 7206(1) (1982). Ro-

ley raises no issue in this appeal as to any of these other convictions.

3. In *United States v. Possick*, 849 F.2d 332 (8th Cir.1988), this court observed that:

To prove a [Continuing Criminal Enterprise] violation, the government must establish four elements: (1) a felony violation of the federal narcotics laws, (2) as part of a continuing series of violations, (3) in concert with five or more persons for whom the defendant "occupies a position of organizer, a supervisory position, or any position of

Roley's task in this case is a difficult one, because "[t]he basic outlines of the ... management element have been liberally construed." *United States v. Possick*, 849 F.2d 332, 335 (8th Cir.1988); *accord United States v. Maull*, 806 F.2d 1340, 1343 (8th Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987); *United States v. Lewis*, 759 F.2d 1316, 1331 (8th Cir.), *cert. denied sub nom.* 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985). As we also said in *Possick*, the defendant need only occupy some managerial position, but need not be a "king pin" or ultimate authority in the organization. *Possick*, 849 F.2d at 335; *accord Maull*, 806 F.2d at 1343; *United States v. Becton*, 751 F.2d 250, 255 (8th Cir.1984), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985). "In essence, the management element is established by demonstrating that the defendant exerted some type of influence over another individual as exemplified by that individual's compliance with the defendant's directions, instructions, or terms." *Possick*, 849 F.2d at 336.

Not only has the statutory language been given a broad construction, but our inquiry in assessing the sufficiency of the evidence has a narrow scope. The Supreme Court stated in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), that "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Id.* at 80, 62 S.Ct. at 469. Thus, we "resolve evidentiary conflicts in favor of the government, and accept as established all reasonable inferences [in favor of the conviction] that may logically be drawn from the evidence." *United States v. Newton*, 756 F.2d 53, 54 (8th Cir.1985).

After a study of the record under these principles, we conclude that there is evidence to support findings that Roley supervised, organized, or managed at least the following six persons in a continuing criminal enterprise: (1) George Lange; (2) Rick Kienzle; (3) Joseph Sazenski; (4) Lenny

Demuth; (5) an unidentified man residing on a farm where Roley stored marijuana; and (6) Joe Modec.

The evidence regarding Roley's influence over Lange and Kienzle is so clear that Roley's counsel essentially conceded at oral argument that Roley exercised a managerial power over those two individuals. George Lange was a commercial airplane pilot whom Roley paid to transport money to facilitate drug purchases. (Testimony of George Lange at 23–27). Kienzle transported drugs by truck for Roley on numerous occasions. (Testimony of Joseph Sazenski at 21–22). This evidence is sufficient to unequivocally establish Roley's control over their actions.

■ Joseph Sazenski was a drug dealer who purchased drugs with and from Roley. Following some of these purchases, Roley arranged the transportation of both his and Sazenski's marijuana. When the marijuana arrived in Minnesota on those occasions, Roley determined when and where the marijuana would be made available to Sazenski. (*e.g.*, Testimony of Joseph Sazenski at 12–14, 21–23, 25). Sazenski was also "fronted," that is, given credit, when he purchased marijuana from Roley. (Testimony of Joseph Sazenski at 19). The combination of these facts may be sufficient, without more, to demonstrate that Roley exercised the necessary influence over Sazenski. *See Possick*, 849 F.2d at 336. Nevertheless, there is also evidence that Roley was an organizer of Sazenski's marijuana purchases. "[A]n organizer can be defined as a person who puts together a number of people engaged in separate activities and arranges them in their activities in one essentially orderly operation or enterprise." *United States v. Apodaca*, 843 F.2d 421, 426 (10th Cir.) (quoting 2 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 58.21 (1977)), *cert.' denied*, — U.S. ——, 109 S.Ct. 325, 102 L.Ed.2d 342 (1988). Moreover, a person can organize persons without being able to control their actions. *Id.; United States v. Ray*, 731 F.2d 1361, 1367 (9th Cir.1984). In

management," and (4) from which the defendant derives substantial income or resources.

*Id.* at 335 (quoting 21 U.S.C. § 848(d)).

this case, Roley brought together Sazenski and Payton Eidson, who became a major supplier of marijuana to both Roley and Sazenski. (Testimony of Joseph Sazenski at 19–20). This evidence supports the conclusion that Roley was an organizer of Sazenski's purchases of marijuana from Eidson.

■ In 1980, Roley and Lange moved marijuana from California to Wisconsin in a small plane. During a refueling stop at North Platte, Nebraska, Roley telephoned Lenny Demuth and instructed him to meet the plane when it arrived in Wisconsin. In response to the call, Demuth met Roley's plane. After the marijuana was transferred from the plane into the car which Demuth had driven to the airport, Demuth and Roley drove away together. (Testimony of George Lange at 9–10). Roley's managerial influence over Demuth is revealed by Demuth's compliance with Roley's instructions. *See Possick*, 849 F.2d at 336.

■ Roley stored marijuana at a farm occupied by an unidentified man. That person can be included in the group of individuals managed by Roley despite the fact that the government did not offer any evidence of his identity, because the government did offer testimony indicating that the man was someone other than Lange, Sazenski, Demuth, or Modec. *See United States v. Alvarez*, 860 F.2d 801, 815–18 (7th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989); *United States v. Bond*, 847 F.2d 1233, 1237–38 (7th Cir.1988). George Lange, who was acquainted with Sazenski, Demuth, and Modec, testified that he had seen Roley talk to a resident of the farm, whom Lange did not recognize, while Lange and Roley were inspecting the stored packages of marijuana. (Testimony of George Lange at 19–20). Given this evidence, a rational jury could have concluded beyond a reasonable doubt that Roley was exerting influence over the actions of the unidentified person because "a defendant's use of another's home to conceal or process drugs has been found to evidence that defendant's dominant or managerial position." *Possick*, 849 F.2d at 337;

*see United States v. Lueth*, 807 F.2d 719, 732 (8th Cir.1986).

■ Joe Modec purchased marijuana from Roley and resold it. Although a mere buyer-seller relationship is insufficient evidence of managerial influence, *United States v. Butler*, 885 F.2d 195, 201 (4th Cir.1989), the record in this case reveals that Modec's relationship with Roley extended far beyond that of a buyer and seller. Modec, who knew that Roley derived a large income from drug sales, supervised the acquisition and management of real property for Roley. (Tr. at 94–126). Furthermore, drawing inferences favorable to the government, the record indicates that Roley controlled the timing of Modec's drug purchases and that Modec purchased marijuana exclusively from Roley. (Tr. at 123–26). These facts adequately demonstrate Roley's influence over Modec. *See Butler*, 885 F.2d at 201 (holding that the management test was satisfied by evidence revealing that a defendant "exercise[d] a significant degree of control over how, when, and from whom [a customer of the defendant's] obtained his heroin supply"); *Possick*, 849 F.2d at 336 (stating that "defendants who arrange the acquisition of the drug, its delivery, and set the price and credit terms have been found to fill a 'sufficiently central role' to satisfy the requirements of the management element"). The fact that Modec purchased marijuana from Roley approximately every two weeks for over a year (Tr. at 123–26) provides additional evidence that Roley acted in a managerial capacity over Roley. *See Possick*, 849 F.2d at 337.

We conclude that there was sufficient evidence of Roley's supervision or management of five or more persons as part of a continuing criminal enterprise.

There is also strong evidence with respect to Roley's influence over other individuals, but little is to be gained by further analysis of the record. Roley also challenges the sufficiency of the evidence demonstrating a continuing series of violations. The record reveals that this claim is patently meritless, as is his claim that he did not derive a "substantial income" from the con-

tinuing criminal enterprise. Since Roley's conviction is supported by the evidence, we affirm the judgment of the district court.