**Daniel Joseph BOYER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 92–3164.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 1, 1993.

Decided March 10, 1993.

Daniel Joseph Boyer, pro se.

Carla B. Oppenheimer, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Daniel Joseph Boyer appeals from the district court's [1] denial of his 28 U.S.C. § 2255 motion. We affirm.

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

In July 1989, Federal Express employees opened a suspicious-looking package, resealed it, and turned it over to Drug Enforcement Administration Agent Carl Hicks. Hicks opened the package and discovered approximately two pounds of methamphetamine. Hicks then removed all but a small amount of the drug, donned a Federal Express uniform, stationed several law enforcement officers around Boyer's residence (a trailer), and delivered the package to Boyer at the address on the package label. Boyer answered the door, accepted the package, and signed the delivery record before going back inside. After a few minutes, Hicks returned to the trailer and ordered Boyer to come outside. When Boyer emerged, officers arrested him and advised him of his *Miranda* rights. Hicks asked to search the trailer, and Boyer signed a form authorizing the search. *See United States v. Boyer*, 914 F.2d 144, 145 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1110, 113 L.Ed.2d 219 (1991).

Boyer was charged in a superseding indictment with knowingly attempting to possess more than 100 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The jury found Boyer guilty and the district court sentenced him to 120 months imprisonment. Boyer appealed his conviction, challenging Hicks's initial search of the package, the admission of post-arrest statements, and the jury instruction on "intent" to distribute; we affirmed. *Boyer*, 914 F.2d at 145–46.

In January 1992, Boyer filed this section 2255 motion. He claimed that his conviction was obtained by the use of evidence gained pursuant to an illegal search of his residence, in that the officers did not have a search warrant and he did not know he could refuse to consent to the search; he asserted his trial counsel was ineffective for not contesting that search. Boyer also claimed that his sentence was illegal because it was based on an erroneous calculation of drug quantity, and that he should have been sentenced for only the amount of methamphetamine that was in the package when he received it. Finally, Boyer claimed that his sentence was illegal because it was based on 21 U.S.C. § 841(b)(1)(A)(viii) instead of (B)(viii). The district court rejected Boyer's arguments on the merits. This appeal followed.

▉ A section 2255 motion is not a substitute for direct appeal. *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987). Thus, a claim which could have been presented on direct appeal is not considered in a section 2255 proceeding absent a showing of cause for the failure to raise the issue and actual prejudice resulting from that failure. *Reid v. United States*, 976 F.2d 446, 447–48 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). Boyer raised none of his present claims on direct appeal.

▉ Although Boyer asserts ineffective assistance as cause for failing previously to raise the residence-search issue, he has not shown a reasonable probability that counsel would have prevailed had the issue been raised at trial. Officers read Boyer his *Miranda* rights, Boyer answered some questions and then refused to answer any more, and he signed the consent form. *See Boyer*, 914 F.2d at 145. The district court properly found that, because Boyer offered no evidence of coercion to show he had not voluntarily consented, the search was valid. Boyer's claim that he did not know he could withhold his consent does not invalidate the search. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 234, 93 S.Ct. 2041, 2051, 36 L.Ed.2d 854 (1973). Although Boyer was under arrest when he consented, custody alone does not negate voluntary consent. *See United States v. Frye*, 548 F.2d 765, 770 (8th Cir.1977).

▉ Boyer has not shown cause and prejudice as to his other two claims, and thus we need not consider them. In any event, Boyer incorrectly argues that, as a matter of law, his sentence could not be based on the original quantity of drugs in the package because he did not receive that quantity. *See United States v. Franklin*, 926 F.2d 734, 736–37 (8th Cir.) (fortuitous event of postal inspectors' removing portion of package's original contents does not

affect sentencing decision), *cert. denied,* —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991). Finally, Boyer was properly sentenced under section 841(b)(1)(A)(viii), because his offense involved more than 100 grams of pure methamphetamine.

Accordingly, we affirm.