39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
William Arthur JONES, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2302.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 28, 1994.
Filed: Nov. 4, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Arthur Jones was convicted of possessing controlled substances with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and of using a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). The district court[1] sentenced him to a total of 211 months imprisonment and five years supervised release. We affirmed his conviction. United States v. Jones, 990 F.2d 1047 (8th Cir. 1993), cert. denied, 114 S. Ct. 699 (1994). He later filed a 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. The district court denied the motion, and he appeals. We affirm.
 
 
 2
 Jones claimed in his pro se motion that he was denied his rights under the Speedy Trial Act, 18 U.S.C. Sec. 3161. He also claimed he was denied a fair trial because the search warrant, indictment, and conviction were all based on false testimony. The district court concluded these claims were procedurally barred. We agree. Jones failed to raise the claims on direct appeal, and he has not shown cause and prejudice to excuse his procedural default. See Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993) (per curiam). He argues on appeal that counsel's ineffective assistance excused his procedural default. Upon our review of the record, however, we believe Jones has not shown that counsel performed deficiently in failing to argue the claims on direct appeal, and that Jones was thereby prejudiced. See Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam).
 
 
 3
 Jones also included an independent ineffective-assistance claim in his section 2255 motion. Specifically, he argued that counsel failed to point out inconsistencies in the description of a confidential informant, to adequately investigate the weapon charge, to argue that government witnesses committed perjury, and to fully examine the actions of authorities as Jones wished. Jones also argued that counsel colluded with the government. The district court concluded Jones had not shown that counsel's performance was deficient and that such deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (test for ineffective assistance). We agree with the court that Jones's conclusory ineffective-assistance allegations do not make either showing required under Strickland.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota