56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
John S. ROLEY, Appellant.
 No. 94-2968
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995
Filed: June 1, 1995
 
 Appeal from the United States District Court for the District of Minnesota.
 D.Minn.
 REMANDED
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Steven Roley appeals the district court's denial of his "Motion to Vacate Illegal Sentence," which the district court treated as a motion for habeas relief under 28 U.S.C. Sec. 2255. We reverse and remand to the district court for further proceedings.
 
 
 2
 A jury found Roley guilty of several drug and income tax related charges, including operation of a continuing criminal enterprise (CCE) and conspiracy to possess with intent to distribute marijuana. Roley received concurrent sentences and separate fines for the CCE and conspiracy offenses. Roley appealed, challenging only the sufficiency of the evidence to support his CCE conviction, and we affirmed. United States v. Roley, 893 F.2d 992, 993, 996 (8th Cir. 1990).
 
 
 3
 Roley then brought this motion for habeas relief. He argues that convicting and sentencing him for both the CCE and conspiracy offenses violated double jeopardy principles. Roley admits, however, that he procedurally defaulted his double jeopardy argument by failing to raise it in his direct appeal. To excuse his default, Roley asserts he is actually innocent of the CCE charge and both his trial and appellate counsel provided ineffective assistance by failing to raise the double jeopardy argument. The district court denied Roley's motion without a hearing, concluding Roley's counsel were not ineffective and Roley had not shown cause to excuse his procedural default.
 
 
 4
 Because the district court denied Roley's motion without an evidentiary hearing, we will affirm only if the motion and the files and records of the case conclusively show Roley is not entitled to relief. Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). We must reverse. The record does not conclusively show Roley cannot prove cause and prejudice to excuse his procedural default. Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993). Specifically, the record does not conclusively show Roley's counsel provided effective assistance and did not prejudice Roley by failing to raise the double jeopardy argument. See Murray v. Carrier, 477 U.S. 478, 488 (1986). At the time of Roley's trial and appeal, we had already decided the Double Jeopardy Clause prohibits courts from convicting and sentencing defendants for both CCE and conspiracy offenses. United States v. Maull, 806 F.2d 1340, 1347 (8th Cir. 1986) (citing Jeffers v. United States, 432 U.S. 137, 155-57 (1977) (plurality opinion)), cert. denied, 480 U.S. 907 (1987). Indeed, the Government concedes Roley's convictions and sentences violate the Double Jeopardy Clause. Thus, if Roley's trial or appellate counsel had raised the double jeopardy argument, it is likely that either the district court would have dismissed the conspiracy or CCE charge, or we would have vacated one of the convictions. See United States v. Duke, 940 F.2d 1113, 1120-21 (8th Cir. 1991); Maull, 806 F.2d at 1347. Before finding Roley's counsel provided "reasonably effective assistance," the district court should have conducted a hearing to find out why they did not raise the double jeopardy issue. See Strickland v. Washington, 466 U.S. 668, 687, 689, 694 (1984).
 
 
 5
 Roley's claim of actual innocence, however, is meritless. Roley asserts he is actually innocent of the CCE charge because the Government cannot rely on Roley's conspiracy conviction as a predicate act to prove the CCE charge, and thus the Government did not prove enough predicate acts to support Roley's CCE conviction. Roley's argument fails because the Government proved numerous predicate acts other than Roley's conspiracy offense to support his CCE conviction.
 
 
 6
 We reverse the denial of Roley's motion and remand to the district court for an evidentiary hearing and further proceedings consistent with this opinion.