**UNITED STATES OF AMERICA, Appellant**

**v.**

**ANTHONY BLYDEN and ALLEN VAN PUTTEN, Appellees**

No. 91-3482

United States Court of Appeals

for the Third Circuit

June 1, 1992

TERRY M. HALPERN, ESQ. (United States Attorney); SUSAN R. VIA, ESQ. (Argued) (Assistant United States Attorney); HUGH P. MABE, III, ESQ. (Assistant United States Attorney), Office of the United States Attorney, Charlotte Amalie, St. Thomas, V.I. and THOMAS E. BOOTH, ESQ. (United States Department of Justice), Criminal Division, Washington, D.C., *for appellant*

LEONARD B. FRANCIS, JR., ESQ. (Argued), Charlotte Amalie, St. Thomas, V.I., *for appellee Blyden*

JAMES L. HYMES, III, ESQ. (Argued), Charlotte Amalie, St. Thomas, V.I., *for appellee Van Putten*

BEFORE: SLOVITER, *Chief Judge,* MANSMANN and WEIS, *Circuit Judges*

## OPINION OF THE COURT

WEIS, *Circuit Judge*

In light of the defendants' previous acquittals on charges of assault, the trial judge issued an in limine order barring evidence of the alleged attack in a prosecution for other offenses arising out of that same incident. Because the proffered evidence is essential to prove an element of one count in the pending trial, we conclude that Federal Rules of Evidence 403 and 404(b) do not bar admission. Accordingly, we will reverse the district court's order that relied on those rules.

The United States has appealed from the order excluding evidence of the alleged assault on two individuals, Husband and Nicholson. The defendants had previously been acquitted of local Virgin Islands charges based on that incident.

In the case before us, the federal government has charged the defendants with four counts of violating 18 U.S.C. §§ 922 and 924 through the unlawful receipt and possession of firearms. The fifth count—the one of particular significance—alleges that "during and in relation to a crime of violence" (the assault on Husband and Nicholson) defendants carried a machine gun equipped with a silencer.

Originally, these federal firearms charges were to be tried together with an information alleging violations of Virgin Islands law also growing out of possession of the weapons and the altercation between the defendants and their adversaries, Husband and Nicholson. However, on the first day of trial, the defendants filed and the court granted a motion to sever the two informations. Trial then proceeded on the Virgin Islands charges, and the jury returned not guilty verdicts on the counts alleging that the defendants had assaulted Nicholson and Husband and had illegally possessed firearms.

After the jury found in their favor in that case, the defendants moved for dismissal of the federal firearms charges by pleading double jeopardy and collateral estoppel. The district court denied the motion, United States v. Blyden, 740 F. Supp. 376 (D. V.I. 1990), and we affirmed, United States v. Blyden, 930 F.2d 323 (3d Cir. 1991) (Blyden I). Citing Jeffers v. United States, 432 U.S. 137 (1977),

382

we held that in successfully severing the two informations, the defendants had waived their rights to invoke double jeopardy.

Having failed in their attempts to dismiss the federal charges, the defendants filed a motion in limine to bar evidence of the alleged assault on Husband and Nicholson. Defendants asserted that because they had been found not guilty, permitting evidence of the attack in the second trial would be prejudicial. The trial judge agreed and ruled that the United States would not be permitted to introduce evidence of the altercation. "[P]utting in evidence of the assault would prejudice the Defendant[s] on 404(b) and 403 grounds in that they would be subjected to evidence that they had been acquitted on, essentially, the assault."

The trial judge recognized that excluding testimony of the assault would prevent the government from making out a prima facie case on count five charging possession during a crime of violence. The four remaining weapons charges, however, "could proceed as informed against these defendants, without the evidence of the assault." Consequently, the trial judge concluded that the prosecution would not be prejudiced because the defendants would still be exposed to four convictions. "[C]ertainly [the government has] enough to convict these defendants" of the remaining counts without the evidence of the assault. In a formal written order the court later memorialized its ruling: "the Defendants' motion to suppress and motion in limine prohibiting the government from offering evidence of the assaults for which the defendants were acquitted at a prior trial is granted."[1]

The government appealed the suppression order asserting that it is in effect a nullification of this Court's holding that the defendants waived their double jeopardy rights. The defendants argue that the evidence should be excluded not only pursuant to Federal Rules of Evidence 403 and 404, but on collateral estoppel grounds as well.

The district court's order applies to all counts of the information, but has its most salient effect on count five. We will discuss that issue first.

---

[1] Defendants contend that we lack jurisdiction because the government filed its notice of appeal before the district judge's oral ruling was reduced to a written order. We find no merit in that argument. See United States v. Hashagen, 816 F.2d 899, 905-06 (3d Cir. 1987); Federal Rule of Appellate Procedure 4(b).

## I.

Although the parties to this appeal have discussed at some length the doctrines of double jeopardy and collateral estoppel, those issues were finally resolved in Blyden I. The question presented by the district court's order is actually quite narrow. Do Federal Rules of Evidence 403 and 404 bar the introduction of evidence relating to criminal conduct of which the defendants were previously acquitted, but which is essential to proving an element of an offense in the pending trial?

The government cites Dowling v. United States, 493 U.S. 342, 349 (1990), where the Supreme Court held that "an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." The Court also concluded that the doctrine of collateral estoppel does not "in all circumstances" prevent "the later use of evidence relating to prior conduct which the Government failed to prove violated a criminal law." Id. at 350.

Dowling, however, does not address the precise situation presented by the trial judge's ruling as it pertains to count five. In Dowling, the challenged evidence of a separate burglary was introduced at trial to bolster the prosecution's testimony on identification. The trial judge instructed the jury that the evidence of the additional burglary had been introduced only for a limited purpose and that the defendant had previously been acquitted of that charge. In that setting, the government's burden of proof for admission was a preponderance of the evidence. Consequently, the Court found that double jeopardy did not bar introduction.

In the case at hand, however, the prosecution wishes to present the excluded evidence to prove an essential element of the crime charged in count five of the federal information—that is, that an assault occurred and the defendants possessed firearms in the course of committing that offense. In these circumstances, the government would have to prove beyond a reasonable doubt that the altercation took place.

Dowling is distinguishable on a second aspect as well. Because certiorari had been granted on the constitutional issue of double jeopardy, the Supreme Court did not decide the feasibility of using Federal Rules 403 and 404 to deal with possible prosecutorial abuse in prejudicing the jury or burdening the defendant with relitigating matters previously decided. The question ". . . is whether it is ac-

ceptable to deal with the potential for abuse through nonconstitutional sources like the Federal Rules of Evidence, or whether the introduction of this type of evidence is so extremely unfair that its admission violates 'fundamental conceptions of justice.'. . . [I]n affirming we need not pass on the validity of the Court of Appeals' judgment [ruling the evidence inadmissible under Rules 404(b) and 403.]" Id. at 352 & n.4.

As will be discussed later, introduction of the assault evidence, even as it relates to count five, is not constitutionally barred. However, that does not preclude the possibility that the rules of evidence may come into play. Therefore, we must turn our attention to that issue.

■ Federal Rule of Evidence 404(b) provides that evidence of a defendant's "other crimes, wrongs, or acts" may not be introduced to show character, but may be used to prove motive, opportunity, intent, knowledge, or absence of mistake or accident. The government insists, and we think correctly, that in this case the assault on Nicholson and Husband does not fall into the category of "other crimes," but is an essential part of the offense that requires proof of a "crime of violence."

"Rule 404(b) presupposes the existence of *other* crimes." 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 404[10], at 404-77 (1991). When the evidence of another crime is necessary to establish an element of the offense being tried, there is no "other crime." The evidence is focused on the crime at issue in the case being tried. Here, the assault is part of the charged crime and, consequently, the testimony is not affected by Rule 404. See United States v. Rankin, 902 F.2d 1344, 1346 (8th Cir. 1990) (citing cases); see also United States v. David, 940 F.2d 722, 737 (1st Cir. 1991); United States v. Tejada, 886 F.2d 483, 487 (1st Cir. 1989); United States v. Giraldo, 822 F.2d 205, 212-13 (2d Cir. 1987); see also 22 Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure § 5239, at 441-49 (1978).

■ Rule 403 requires the trial judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. "In making this determination, the trial judge must appraise the genuine need for the challenged evidence and balance that necessity against the risk" of prejudice to the defendant. United States v. Scarfo, 850 F.2d 1015, 1019 (3d Cir. 1988).

In the case at hand, the evidence that the government proffers is essential to prove the charge of possession during a crime of violence and cannot be excluded without destroying the prosecution's case. The need for the testimony is thus extremely high and there is no alternative to production other than to dismiss that count of the information. Cf. id. at 1019-21.

Balanced against this need, the trial judge expressed concern over undue prejudice to the defendants. The Advisory Committee Note to Rule 403 states that "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Any evidence suggesting guilt is "prejudicial" to a defendant and obviously Rule 403 is not intended to exclude all such matter. Rather, the focus must be on unfairness in the sense that the proponent would secure an advantage that results from the likelihood the evidence would persuade by illegitimate means. See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 923 (3d Cir. 1985); United States v. Ranney, 719 F.2d 1183, 1188 (1st Cir. 1983); United States v. Jamil, 707 F.2d 638, 644-45 (2d Cir. 1983); see also 22 Charles A. Wright & Kenneth W. Graham, supra, § 5215, at 275.

Permitting the evidence to be introduced would be unfair to the defendants only in the sense that they are again being accused of criminal conduct after having been acquitted of culpability by another jury. In this context, therefore, double jeopardy and collateral estoppel underlie the defendants' claim of unfairness. Essentially, the assertion of prejudice under Rule 403 is another attempt to obtain dismissal—at least as to count five—on the same ground previously rejected by this Court.

In Blyden I, we concluded that the government was free to proceed with the trial on the information charging federal firearms violations. We did not exclude count five from our order. To avoid our holding in Blyden I, the defendants argue here that collateral estoppel, as distinguished from double jeopardy, should be invoked against the government. We do not agree. There may be some doctrinal differences between the two concepts, but we find none that will help the defendants here.

A similar situation was presented in United States v. Ashley Transfer & Storage Co., 858 F.2d 221 (4th Cir. 1988), where the defendants had persuaded the trial court to withdraw one of two counts from the jury's consideration. After the defendants were ac-

quitted on the one count, the government sought a retrial, as to the count the judge had withdrawn from the jury. The Court of Appeals remanded for retrial holding that where "the defendants' choice and not government oppression caused the successive prosecutions, the defendants may not assert collateral estoppel as a bar against the government any more than they may plead double jeopardy." Id. at 227. We find the reasoning of the Ashley Transfer opinion persuasive and consistent with our ruling in United States v. Salamone, 902 F.2d 237 (3d Cir. 1990).

In Salamone, we had first determined that evidence of other crimes was inadmissible because it was prejudicial under our case law describing collateral estoppel. United States v. Salamone, 869 F.2d 221, 231-32 (3d Cir. 1989).[2] Following its decision in Dowling v. United States, the Supreme Court remanded Salamone to us. Reconsidering the case in light of Dowling, we concluded that the evidence was admissible despite the defendant's plea of collateral estoppel. Salamone, 902 F.2d at 240. We also rejected the defendant's assertion that the evidence should have been excluded under Federal Rule of Evidence 403. Id. at 241 n.3.

■ We conclude here that the district court erred in applying Rules 403 and 404(b) to exclude the proffered evidence as to count five.

## II.

What we have discussed thus far as to count five is not entirely applicable to the other four counts. Introduction of the assault evidence in connection with those counts of simple possession would not be constitutionally prohibited according to Dowling. Nevertheless, we must still consider the application of Rules 404(b) and 403 to these remaining charges. Unlike count five, the first four counts do not incorporate the assault as an essential element and, as the district judge pointed out, the prosecution has other evidence available to prove its case on those charges. The need for the challenged testimony, therefore, is not apparent. See United States v. Cook, 538 F.2d 1000, 1005 (3d Cir. 1976).

---

[2] We defined collateral estoppel in that context as meaning, "the government is collaterally estopped from relitigating the issue even if a contrary resolution is *not* necessary to convict the defendant, but simply would constitute evidence against him or her." Salamone, 869 F.2d at 226.

But the fact remains that the assault evidence will be admitted in connection with count five. Any adverse effect on the defendants who will be required to again defend themselves against the assault accusations and unfavorable impressions that might be conveyed to the jury are thus unavoidable. We do not believe that excluding the evidence as to the first four counts while admitting it as to count five would have any practical effect.

We recognize, however, the wide discretion granted under Rule 403 to the trial judge and our limited scope of review. We are also aware that unforeseen developments may occur at trial. Consequently, we do not foreclose the trial judge from rulings or instructions on the assault testimony as may be appropriate in connection with the first four counts.

### III.

In summary, Federal Rules of Evidence 403 and 404 do not support the specific relief granted by the district court. The challenged testimony, being essential to the government's case, is not "unfairly" prejudicial here. Moreover, neither double jeopardy nor collateral estoppel bars reprosecution on count five. To the extent that the district court barred the use of the assault evidence because of the prior acquittals, the ruling cannot stand.

The order of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.