**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Dolan WELLS, Defendant–Appellee.**

**No. 90–4087.**

United States Court of Appeals, Eleventh Circuit.

July 9, 1993.

William Keith Watanabe, Asst. U.S. Atty., Tampa, FL, for plaintiff-appellant.

Lynette M. Wenner, David P. Rhodes, Tamra Phipps, Asst. U.S. Attys., Tampa, FL, for defendant-appellee.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT *, Senior Circuit Judge.

BRIGHT, Senior Circuit Judge:

A grand jury indicted Dolan Wells with conspiracy to manufacture and distribute methamphetamine, and possession with intent to distribute methamphetamine. In preparation of a bail hearing, Wells told government officials about an unrelated prior arrest for possession of methamphetamine emanating from a search after a traffic violation. On the eve of trial, Wells successfully moved to suppress evidence of the prior arrest, which the district judge[1] granted, ruling that evidence of other crimes was inadmissible under Federal Rule of Evidence 404(b).

The district court severed Dolan Wells' case from his alleged co-conspirators' to permit this interlocutory appeal. We reverse because the suppressed evidence may be relevant to Wells' conspiracy charge.

---

* Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. The Honorable James L. Watson, Senior Judge, United States Court of International Trade, sitting by designation in the United States District Court for the Middle District of Florida.

## I. BACKGROUND

After his arrest, but before a bail hearing, Wells told pre-trial service officers of a prior arrest on May 13, 1990, in Camden County, Georgia for possession of methamphetamine. Following a routine traffic stop, Wells allegedly consented to a search of his car, which yielded a drug kit and a briefcase containing four pounds of methamphetamine (the Camden County evidence).

On September 21, 1990, a grand jury indicted Wells with conspiracy to manufacture and to possess with intent to manufacture and distribute 100 grams or more of methamphetamine between the period of November 1989 and May 25, 1990, in violation of 21 U.S.C. §§ 841(a)(1), 846, and with possession with intent to distribute ten grams or more of methamphetamine on May 24, 1990, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment covered crimes committed in the Middle District of Florida. Approximately one week before the scheduled trial in the instant case, the Government informed Wells' counsel of its intention to introduce the Camden County evidence at trial, prompting Wells to file a motion to suppress.

The district court heard the motion immediately preceding the trial of Wells and his co-conspirators. Wells' counsel asserted "[h]e has not been charged with anything; and in the fact that it—this just happened to occur and that the Government did have some notice that he was arrested in Camden County, Georgia, prior to this time, that it should be totally suppressed in all manners." R3-8-9.

In response, the prosecutor offered the testimony of one of his Camden County arresting officers, Deputy Sheriff Stanley Edgy. Edgy testified that, while on duty in his patrol car, he came upon Wells, whom Deputy Sheriff Anthony Basil had already stopped. Edgy stated he had been traveling on the same highway about a mile behind Basil. He noted that Dolan Wells' vehicle had a cracked windshield which Deputy Basil had told him is why he pulled Wells over. Edgy testified that Basil gave Wells a warning citation and then asked for permission to search the vehicle which, according to Edgy, Wells freely granted. In the search of the vehicle, Basil found a briefcase containing four clear plastic bags of a white crystal substance, later identified as an illegal drug.[2]

The cross-examination disclosed that Edgy knew Deputy Basil was under indictment on several felony counts for misconduct while serving as a deputy sheriff in Camden County. The prosecutor indicated that, at trial, Deputy Sheriff Basil would not be called as a witness.

Following the hearing and argument of counsel, the district court initially granted the suppression motion, finding "[t]he stop was questionable; the arresting officer's activities are questionable, and his credibility is not clear." R3-43. The district court also denied the Government's motion for a continuance and Wells' motion for severance.

Following a noon recess, the Government moved for reconsideration, which the district court denied. The district court then altered its earlier ruling by deciding to exclude the Camden County evidence not on suppression grounds, but because the evidence was inadmissible under Federal Rule of Evidence 404(b).[3] In making its ruling, the district court stated:

> I have just received the Government's motion for reconsideration. The ruling of

2. Although the testimony presented at the suppression hearing does not identify the illegal drug seized from Dolan Wells, we accept the prosecutor's representation to the district court that the Government would, during the trial, introduce proof that the illegal drug found in Dolan Wells' car was methamphetamine and was inextricably intertwined to the conspiracy count against Dolan Wells and others.

3. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. Federal Rule of Evidence 404(b).

the court is, I will deny the motion to reconsider. However, I will expand on my previous ruling on this matter.

It is not appropriate for this Court to rule on a suppression motion of a stop and search which is not a precursor of the case before me; that is, this particular stop and search in Georgia in May of 1990 has not led to an indictment or any charge against the defendant Dolan Wells. I cannot suppress evidence of a stop and search that may lead to charges in another jurisdiction before those charges have even materialized.

If the Government insists that the incident in Georgia is critical or important to the conspiracy case now before the Court, they should have sought to reindict the defendant at an earlier time.

Even if the Government learned of these facts only two and a half weeks ago, no application was made to the Court regarding this matter. At that time the Government should have sought a continuance for the purpose of submitting this matter to a Grand Jury.

No good reason has been given for their failure to do so, which is to the great inconvenience and prejudice of all other defendants and defense counsel. In fact, this evidence was brought to the Court's attention by the Defendant Dolan Wells' attorney, not by the Government who is now claiming it is critical to their case.

Because I do not consider this evidence to be properly part of the charges in this case, I will not treat the motion of suppression of the auto stop and search in Georgia as such. Rather, I am treating it as a motion to exclude evidence under rule 404(b) of the Federal Rules of Evidence,

and I grant the motion to exclude that evidence.

R3–59–61.

The Government then gave notice of filing this appeal, in response to which the district court severed the case from the others as permitted under 18 U.S.C. § 3731 (1988).[4]

## II. DISCUSSION

As we have stated and for the purpose of this discussion, we assume the Government, at trial, will identify the drugs seized in the traffic stop as methamphetamine and connect it with the conspiracy charge. Assuming that connection, the evidence here becomes relevant to the conspiracy charge and is not excludable under Rule 404(b) of the Federal Rules of Evidence.

In *United States v. Montes–Cardenas,* 746 F.2d 771 (11th Cir.1984), this court said in rejecting a Rule 404(b) claim relating to testimony against a defendant on a crime for which he was not charged:

> Here, the challenged evidence described a crime, importing cocaine, that arose out of the same series of transactions as the charged offenses, the conspiracy to distribute the drug. *See United States v. Kloock,* 652 F.2d 492, 494–95 (5th Cir.1981) (Unit B); ... Because the evidence is not extrinsic, appellant's contention is without merit.

*Id.* at 780.

In *United States v. Weeks,* 716 F.2d 830, 832 (11th Cir.1983), this court, commenting on Federal Rule of Evidence 404(b), stated:

> Evidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, ... if it was inextricably intertwined with the evidence

4. 18 U.S.C. § 3731 reads in relevant part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certi-

fies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The prosecutor certified in open court that the appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceedings.

regarding the charged offense, ... or if it is necessary to complete the story of the crime of trial.... (Citations omitted).

Here, the possession of the alleged illegal drug, said to be methamphetamine, relates directly to the charged offense of conspiracy to manufacture and distribute methamphetamine and, consequently, it is admissible because it does not constitute "other crimes" evidence under Federal Rule of Evidence 404(b). *See United States v. Foster*, 889 F.2d 1049 (11th Cir.1989); *United States v. Richardson*, 764 F.2d 1514 (11th Cir.), *cert. denied*, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 303 (1985).

Wells will still have an opportunity to move for suppression of the evidence as illegally seized. Moreover, as we noted, the relevancy of the evidence, although assumed for purposes of this opinion, has not been established on the record.

Accordingly, we reverse the exclusion of the proffered evidence on the grounds relied on by the district court and remand the case for trial.