**UNITED STATES of America,**

v.

**John F. "Duffy" CONLEY, William C. Curtin, Sheila F. Smith, John Francis "Jack" Conley, Thomas "Bud" McGrath, Mark A. Abbott, Thomas Rossi, William Steinhart, Roberta Fleagle, Robin Spratt, Monica C. Kail, William J. Reed, Joanne T. Smith, Kenneth "Ron" Goodwin, Lawrence N. "Neudy" Demino, Sr., Christopher "Chris" Kail, Joseph A. Devita, Frank Garofalo, Thomas D. Ciocco, Michael Sukaly, Phillip M. "Mike" Ferrell, Anestos "Naz" Rodites, and William E. Rusin, Defendants.**

Crim. No. 91–178.

United States District Court,
W.D. Pennsylvania.

Dec. 8, 1994.

James A. Wilson, Asst. U.S. Atty., Dayton, OH, for U.S.

Lee Markovitz, Pittsburgh, PA, for Joann Smith.

Ray Radakovich, Pittsburgh, PA, for Fleagle.

Stanley Greenfield, Martha Bailor, Pittsburgh, PA, for Rossi.

Gary Zimmerman, Pittsburgh, PA, for Ferrell.

Raymond M. Maloney, Pittsburgh, PA, for Ciocco.

John Zagari, Peter Marcoline, Pittsburgh, PA, for Rusin.

Anthony Mariani, Pittsburgh, PA, for Curtin.

James Wymard, Wm. Difenderfer, Pittsburgh, PA, for Conley (Duffy).

Foster Stewart, Pittsburgh, PA, for C. Kail.

Edward J. Osterman, Pittsburgh, PA, for Goodwin.

Carl M. Janavitz, Pittsburgh, PA, for Garofalo.

Carmen A. Martucci, Bethel Park, PA, for Spratt.

Joel Johnston, Pittsburgh, PA, for Abbott.

Gary Gerson, Pittsburgh, PA, for John "Jack" Conley.

John Goodrich, Goodrich, Micale & Search, Pittsburgh, PA, for Sukaly.

Ellen Viakley, Pittsburgh, PA, for Sheila Smith.

Vincent Baginski, Pittsburgh, PA, for Rodites.

Samuel J. Reich, Reich, Werner & Alexander, Pittsburgh, PA, for Reed.

William Acker, Pittsburgh, PA, for Demino.

Joseph Kanfoush, Pittsburgh, PA, for Devita.

Michael Foglia, Pittsburgh, PA, for M. Kail.

Carl Parise, Pittsburgh, PA, for Steinhart.

Caroline Roberto, Pittsburgh, PA, for McGrath.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court is the government's Motion for Clarification (Document No. 969) which seeks "clarification and reexamination of the Court's ruling ..." of July 14, 1994, compelling pretrial disclosure of certain Fed. R.Evid.Rule 404(b) ("404(b)") material, among other things. Actually, the motion for clarification requests relief more in the nature of reconsideration of that order than clarification, and the Court treats the motion as such.

Defendant Curtin, joined by defendants "Duffy" Conley, Ciocco and Goodwin, opposes reconsideration of the Court's 404(b) ruling and requests the Court reaffirm the order. Defendant Curtin's Response to Government's Motion for Clarification (Document No. 986); Defendants' "Duffy" Conley, Ciocco and Goodwin's motions to adopt Curtin's response are docketed, respectively, at Document Nos. 985, 989 and 1002. Additionally, defendant Sheila Smith opposes the motion for clarification and advanced her position through counsel at oral argument, although a formal response has not been docketed. After consideration of the motion for clarification, defendants' responses thereto, and the oral argument of counsel on November 23, 1994, the Court will reconsider and modify its 404(b) ruling.

Specifically, the Court's order of July 14, 1994, stated the "government, at least 30 days prior to trial,[1] shall file written notice of its 404(b) evidence." Document No. 932. The Court's understanding of the uncharged "other crimes, wrongs or acts" governed by Rule 404(b), and the scope of its pretrial disclosure order, was defined in the accompanying memorandum opinion which states, *inter alia:*

> In the present case, the Indictment charges each defendant with participation in an illegal gambling business, as well as conspiracy to participate in an illegal gambling business. Because of the broad coverage of the illegal gambling statute, charged overt acts meet both the overt act requirement of a [18 U.S.C.] Section 371 conspiracy and the element of conducting, financing, managing, supervising, directing or owning a Section 1955 illegal gambling business. Acts that are uncharged overt acts with respect to the conspiratorial agreement are acts meeting the element of conducting, financing, managing, supervising, directing or owning an illegal gambling business. Evidence of such acts is nonetheless 404(b) evidence as to the conspiracy alleged in Count One of the Indictment.

To be clear, the Court is aware that evidence of uncharged overt acts may be highly relevant and admissible circumstantial evidence of a conspiratorial agreement. The issue before the Court, however, is the timing and content of the notice required of the government of 404(b) evidence.

\*     \*     \*     \*     \*     \*

The Court will require written notice of 404(b) evidence to be filed ... because of the large number of charges and defendants [2] and the potential volume of 404(b) evidence that may be admissible on a number of issues. The Court will require that the writing delineate 404(b) evidence as to each of the Counts of the Indictment.

\*     \*     \*     \*     \*     \*

As to uncharged overt acts that would meet the element of conducting, financing, managing, supervising, directing or owning a [18 U.S.C.] Section 1955 illegal gambling business, the Court will require that the writing specify the general types of uncharged acts that may be offered to prove a material fact other than the aforementioned element of the Section 1955 offense.

---

1. Although trial is now scheduled to begin the week of January 4, 1994, Scheduling Order No. 2 suspended the 404(b) pretrial disclosure portion of the July 14, 1994, ruling, pending disposition of the government's motion for clarification.

2. The indictment at CR91–178 named 23 defendants. At the time this order was entered, there were 20 viable defendants. Several change of plea hearings since have been held, several more have been scheduled, and the Court has been advised that several more plea agreements have been or will soon be made. As it stands now, there will be five to seven defendants going to trial.

As to acts *not qualifying* as conducting, financing, managing, supervising, directing or owning a Section 1955 illegal gambling business, the Court will require the writing to specify each crime, wrong, or act by its specific nature, place and approximate date to the extent known to the Government. . . .

Memorandum Opinion, Document No. 932, at 23–25.

■■■ To the extent the memorandum opinion of July 14, 1994, defines the scope of 404(b) to include uncharged overt acts undertaken in furtherance of the conspiracy and uncharged "other crimes, wrongs or acts" which are offered as direct proof of the elements of the substantive crimes charged, the order will be modified. The Court agrees with the position advanced by the government that evidence "intrinsic" to the offenses charged does not pass the 404(b) threshold, and need not, therefore, meet the 404(b) standards of admissibility.[3]

In the opinion of July 14, 1994, the Court briefly considered the intrinsic/extrinsic 404(b) threshold analysis which has developed mostly outside of the Third Circuit, and declined at that time to adopt it as part of its 404(b) analysis. The Court did observe that, although the Advisory Committee indicated the 1991 amendment did not apply to acts that are " 'intrinsic' to the charged offense," Fed.R.Evid. 404(b) Advisory Committee Notes (1991 amendment) (citing *United States v. Williams*, 900 F.2d 823 (5th Cir. 1990)), it also stated that the amendment was not intended to bring about any change in the admissibility of 404(b) evidence. The memorandum opinion further stated, at 19–20, n. 12:

The intrinsic/extrinsic evidence distinction has been described as follows:

The distinction between evidence of "intrinsic" acts and evidence of "extrinsic" acts is crucial and sometimes subtle. Rule 404(b) only applies to evidence of acts extrinsic to the charged crime. *United States v. Record*, 873 F.2d 1363, 1372 n. 5 (10th Cir.1989). Conversely, acts intrinsic to the crimes charged are not excludable under 404(b). An uncharged act may not be extrinsic if: (1) The act was part of the scheme for which a defendant is being prosecuted; *Record*, 873 F.2d at 1372 n. 5, or (2) The act was "inextricably intertwined with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.' " *Record*, 873 F.2d at 1372 n. 5 (quoting *United States v. Richardson*, 764 F.2d 1514, 1521–22 (11th Cir.), *cert. denied*, 474 U.S. 952 [106 S.Ct. 320, 88 L.Ed.2d 303] (1985). *See United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (" 'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged.") (citations omitted).

*United States v. Berry*, 1992 WL 372181, *3 (D.Kan. Nov. 23, 1992).

Nevertheless, the Court was then of the opinion that the Third Circuit had not adopted the intrinsic versus extrinsic threshold distinction, and, therefore, the Court declined to do so, based upon its reading of, *inter alia, United States v. Blyden*, 964 F.2d 1375, 1378 (3d Cir.1992). Upon further reflection, the Court agrees with the government that *Blyden* does not address the precise issue raised in the motion for clarification, and does not foreclose the Court's consideration of the intrinsic/extrinsic distinction.[4]

---

**3.** The government argues it will be unduly burdened by the procedures contemplated by the Court's order of July 14, 1994, and *United States v. Sampson*, 980 F.2d 883 (3d Cir.1992), requiring it to identify and produce potentially voluminous material as 404(b) evidence, and that compliance with said procedures will hamper the prosecution and delay the trial.

**4.** In *Blyden,* evidence of an assault was an element of one of five "unlawful use or possession of firearms" counts charged in the indictment, namely, use of a machine gun equipped with a silencer "during and in relation to a crime of violence." The Third Circuit held the assault in which the silenced machine gun was used did not fit into the category of "other crimes" for purposes of 404(b), which "presupposes the exis-

To the contrary, evidence of uncharged "other crimes, wrongs, or acts" which are "part and parcel" of the charged offenses, including the conspiracy,[5] and which tends to directly and intrinsically establish the defendant's participation in the charged offenses, is simply not evidence of *other* crimes, wrongs or acts. Rule 404(b) is not implicated by such evidence. Although the United States Court of Appeals for the Third Circuit has neither considered nor adopted the "intrinsic/extrinsic" threshold in the 404(b) analysis, the virtually unanimous view of the other circuit courts to address the issue, as well as of the district courts of the Third Circuit to do so, employs the "intrinsic versus extrinsic" standard.

The following list of cases and parenthetical explanations are not intended to exhaust the field, but are offered as illustrative in order to give body to the "intrinsic/extrinsic" 404(b) distinction and some guidance to the parties in complying with the Court's modified disclosure order. *See United States v. Washington*, 12 F.3d 1128 (D.C.Cir.1994) (404(b) excludes only evidence "extrinsic" or "extraneous" to the crimes charged, not evidence that is "intrinsic" or "inextricably intertwined"; evidence that defendant fraudulently used another person's health insurance card to obtain medical treatment the day after a high speed car chase in which he had been injured, was direct evidence of, and intrinsic to, the offense charged, possession with intent to deliver cocaine); *United States v. Wells*, 995 F.2d 189 (11th Cir.1993) (possession of methamphetamine, though uncharged, relates directly to the charged conspiracy to manufacture and distribute methamphetamine and, consequently, it does not

constitute "other crimes" evidence under 404(b)); *United States v. Oles*, 994 F.2d 1519 (10th Cir.1993) (evidence relating to wrongful transactions in a particular bank account used in check-kiting scheme for which defendants were charged with bank fraud, though not charged, was not "other crimes" evidence within the meaning of 404(b); said transactions were part of the scheme to defraud other banks and were intrinsic to the charged offense); *United States v. Royal*, 972 F.2d 643 (5th Cir.1992) (evidence of uncharged crimes for which defendant had previously been convicted was direct and necessary background evidence of crime charged, namely conspiring with fellow inmates to distribute cocaine while in prison, and as such was "inextricably intertwined" with the charged offense, and not 404(b) "other crimes" evidence); *United States v. Aranda*, 963 F.2d 211 (8th Cir.1992) (evidence of uncharged incidents of delivery of marijuana was direct evidence of the conspiracy to distribute marijuana and not subject to 404(b) scrutiny; "Where the government has introduced evidence of acts committed by the defendant or a co-conspirator, during the time frame of the conspiracy and in furtherance of it, this Court has held that such evidence is not of 'other crimes,' but rather is evidence of the very crime charged." *Id.* at 214, citations omitted); *United States v. Arboleda*, 929 F.2d 858 (1st Cir.1991) (even though no overt acts need to be proven as an element of a *drug* conspiracy charged under 21 U.S.C. § 846, evidence of uncharged overt acts of cocaine/cash transactions was direct evidence of the charged conspiracy, and was "therefore not extrinsic act evidence subject to the 404(b) standard of admissibility.");

tence of *other* crimes." 964 F.2d at 1378, *quoting* Weinstein & Berger, *Weinstein's Evidence* ¶ 404[10], at 404–77 (1991). The Court further stated that "[w]hen the evidence of another crime is *necessary to establish an element of the offense* being tried, there is no 'other crime.' The evidence is focused on the crime at issue being tried. Here, the assault is part of the charged crime and, consequently, the testimony is not affected by Rule 404." *Id.* at 1378 (citations omitted; emphasis added). Although the Court specifically held that evidence of crimes "necessary" to prove "an element" of the crime charged is not 404(b) evidence, it did not speak to nor did it consider whether evidence directly

relevant and intrinsic to the crimes charged, but not actually an element of same, was similarly "not affected by Rule 404." This is the situation presented in this case, to which *Blyden* does not speak.

5. For purposes of 18 U.S.C. § 371 conspiracies, the government must prove an overt act in furtherance of the conspiracy, but is not limited in its proof at trial to those overt acts alleged in the indictment, nor is it obligated to prove every overt act alleged in order to establish the conspiracy. *United States v. Adamo*, 534 F.2d 31, 37–38 (3d Cir.1976).

*United States v. Bertoli,* 854 F.Supp. 975, 1056–67 (D.N.J.1994) (collecting cases, and holding that "[e]vidence of prior acts which are part and parcel of the charged conduct is not covered by 404(b)" in the context of uncharged crimes that were part of the pattern of ongoing criminal activity and, therefore, direct evidence of RICO and conspiracy); *United States v. Pelullo,* 1993 U.S.Dist. LEXIS 8265, *16–17 (E.D.Pa.1993) ("Rule 404(b) does not apply to the evidence to which Defendant objects [namely, evidence of uncharged wrongful acts of income tax evasion] because the evidence constitutes part of a fraudulent scheme charged in the indictment.... Rule 404(b) applies only to extrinsic evidence of other bad acts and does not apply to intrinsic evidence of the offenses charged in the indictment.").

An appropriate order will be entered in accordance with the foregoing.

## ORDER

AND NOW, this 8th day of December, 1994, it is HEREBY ORDERED that the government's Motion for Clarification (Document No. 969) is GRANTED.

It is FURTHER ORDERED that: (i) ¶ 4 of the order of July 14, 1994, requiring the government to give written notice of certain evidence as Fed.R.Evid.Rule 404(b) evidence is VACATED AND MODIFIED IN PART; and (ii) the government shall file, on or before December 13, 1994, written notice of its Fed.R.Evid. 404(b) evidence in accordance with the accompanying opinion.

That portion of ¶ 4 of the July 14, 1994, order granting leave to defendants to renew their requests for hearings on the admissibility of 404(b) evidence by way of motions in limine "specifying the challenged evidence and the grounds for the challenge, at which time the Court will decide whether to hold pretrial hearings on the motions in limine or to defer its ruling on the admissibility of the 404(b) evidence until trial[,]" remains in effect; defendants have been directed by the Court's Scheduling Order No. 1 for Trial, ¶ 5,

to file their motions in limine on or before December 20, 1994.