**UNITED STATES of America**

v.

**James T. McCORMICK, Appellant.**

**No. 08–4441.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 30, 2010.

Opinion Filed: July 1, 2010.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Plaintiff–Appellee.

Michael G. Paul, Esq., Metuchen, NJ, for Defendant–Appellant.

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

James T. McCormick appeals from the judgment of sentence. We will affirm.

### I.

In May 2006, the government began investigating corruption among four members of the Pleasantville Board of Education ("PBOE"), all of whom were receiving bribes from John D'Angelo, an insurance broker with RFC Financial Services ("RFC"), in return for awarding RFC the school district's insurance brokerage contract. Because a fifth vote was needed to award RFC the contract, when a PBOE vacancy arose in the summer of 2006, Louis Mister, president of the Real Democratic Club, suggested that James McCormick be appointed to fill the vacancy. A precondition of his appointment was that he vote to award RFC the insurance brokerage contract.

In August 2006, McCormick was appointed.

On September 1, 2006, Bruce Begg,[1] the CEO of the Aetna Roofing Company, wrote a check for $1,000 payable to Mister. Mister shared the money with McCormick to keep McCormick "in line." (*See* A441–42). Mister told Jayson Adams, a member of the PBOE, that money had been given to McCormick.

At a meeting on September 12, 2006, the PBOE awarded RFC the insurance brokerage contract. Immediately prior to that meeting, "Adams told [McCormick] that as soon as it was done, we were all going to be paid. Mr. McCormick smiled and he implied that he was ready." (A624.) Two weeks after the vote, Begg, at McCormick's instruction, wired $3,500 to McCormick's girlfriend's bank account.

But McCormick was dissatisfied. He "was upset that he had only received $3,500. ... [He] expressed that if he didn't get [what he was promised], then he would use his vote to terminate the contract." (A629.) At a meeting on October 24, 2006, McCormick changed his vote and had RFC's contract rescinded, purportedly because of rumors he had heard that some of his co-conspirators were cooperating with federal authorities. He stated that he "wish[ed he] never took this money." (A416.) In November 2006, McCormick contacted FBI Special Agent Thomas Raftery. In subsequent meetings with Raftery, McCormick offered numerous, often conflicting rationales for his acceptance of the $3,500.

A jury convicted McCormick of conspiracy to extort under color of official right, 18 U.S.C. § 1951(a); attempt to extort under color of official right, 18 U.S.C. § 1951(a); accepting and agreeing to accept a bribe, 18 U.S.C. § 666(a)(1)(B); use of interstate facilities to distribute the proceeds of a bribe, 18 U.S.C. § 1952(a)(1) & (a)(3); and two counts of money laundering, 18 U.S.C. § 1956(a)(1)(B)(i). His Guidelines range was 41 to 51 months imprisonment. The District Court sentenced him to 42 months imprisonment.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## A.

■ McCormick argues, first, that the District Court's admission of evidence of the $1,000 payment shared by Mister and himself violated Federal Rules of Evidence 403 and 404(b). We review this ruling for abuse of discretion. *United States v. Sokolow*, 91 F.3d 396, 402 (3d Cir.1996).

Rule 404(b) proscribes the admission of "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." However, the Rule "does not extend to evidence of acts which are 'intrinsic' to the charged offense." Fed. R.Evid. 404(b), Advisory Committee Notes to 1991 Amendments. In other words, "[w]hen the evidence of another crime is necessary to establish an element of the offense being tried, there is no 'other crime.'" *United States v. Blyden*, 964 F.2d 1375, 1378 (3d Cir.1992). Here, the District Court found the disputed evidence to be "intrinsic to the conspiracy" because it "provide[d] important proof" regarding membership in, the purpose of, and McCormick's participation in the conspiracy. (A181.) Rule 404(b) is thus inapplicable. Rule 403, of course, would provide for

---

1. Begg and D'Angelo were cooperating with the government's investigation.

the exclusion of such relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice." The District Court did not abuse its discretion in finding that the $1,000 payment was "highly probative" and concluding that there was no "undue prejudice." (A181.)

## B.

■ McCormick argues, next, that improper comments during the government's rebuttal summation constituted prosecutorial misconduct. We review for abuse of discretion. *United States v. Retos*, 25 F.3d 1220, 1228 n. 10 (3d Cir.1994).

Defense counsel, in summation, criticized the government for its lack of recorded conversations involving McCormick. In response to that critique, the government stated in its rebuttal summation that "there is more to it th[a]n you know. There [are] other cases beside the one that is presented to you." (A1295.) Although it is far from clear that this was the statement of which McCormick complained at the time, he did make a rather nonspecific contemporaneous objection and moved for a mistrial, arguing to the District Court that the government's statement implied to the jury that there was "something else" concerning him. (A1299). The Court disagreed.

A fair reading of the record supports the District Court's conclusion that the government had not suggested there were other investigations concerning McCormick. During summation, defense counsel twice referred to cooperating witnesses who wore wires in furtherance of an investigation into the conduct of Rafael Velez, another PBOE member. The challenged statement merely referenced that fact. Accordingly, the District Court did not abuse its discretion in denying McCormick's motion for a mistrial.

## C.

■ McCormick next contends that the District Court erred in denying his motion for a new trial premised on the government's failure to disclose materials in violation of *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). According to McCormick, during Mister's trial—which occurred after McCormick's— "it came to light that ... Adams[ ] was either fired, or forced to resign from the Department of Youth and Family Services ('DYFS')" because, among other things, "he was using a state vehicle on personal time, and lied when confronted about it." (Appellant's Br. at 26.) We review legal conclusions de novo and findings of fact for clear error. *United States v. Milan*, 304 F.3d 273, 286 (3d Cir.2002).

The government's obligation to disclose impeachment evidence extends to material in the prosecutor's constructive possession. *United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir.2008). When considering the constructive possession of material possessed by state agents, three factors are relevant: "(1) whether the party with knowledge of the information is acting on the government's 'behalf' or is under its 'control'; (2) the extent to which state and federal governments are part of a 'team,' are participating in a 'joint investigation' or are sharing resources; and (3) whether the entity charged with constructive possession has 'ready access' to the evidence." *Id.* at 282 (quotation omitted). The District Court correctly concluded that the *Reyeros* factors required a finding that the government did not constructively possess the DYFS materials.[2]

2. McCormick argues to us that the verdict is against the weight of the evidence. He failed,

## D.

We review the sentence imposed for reasonableness and will not reverse absent an abuse of discretion. *See United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

McCormick contends that the District Court failed to appropriately consider the § 3553(a) factors and, in so doing, imposed a substantively unreasonable sentence. This contention is without merit. The District Court considered McCormick's arguments but nevertheless was persuaded by the seriousness of his offenses, his efforts to hide the bribe, his conflicting stories regarding his acceptance of the $3,500, and his failure to accept responsibility. His bottom-of-the-Guidelines sentence was not unreasonable.

McCormick also contends that the District Court "did not give meaningful consideration to sentencing disparity among similarly situated defendants," (Appellant's Br. at 39), noting that other conspirators—who McCormick fails to note pled guilty and/or cooperated with the government—received lesser sentences. The record rebuts this contention, and the District Court concluded that McCormick's sentence was "proportional with the sentence[s] of other conspirators." (A1456.) We see no error.

## III.

The judgment of sentence will be affirmed.

---

however, to present this argument in a post-trial motion to the District Court, and, accordingly, it has been waived. *United States v. Grubbs*, 506 F.3d 434, 443 (6th Cir.2007).

Also for the first time, McCormick asserts that: (1) the government improperly insinuated "guilt by association" during its rebuttal summation; and (2) the government violated his Fifth Amendment rights against self-incrimination. We have carefully reviewed the record and find no plain error with respect to either assertion.